PERSONHOOD NEVADA, A BALLOT ADVOCACY GROUP; RICHARD ZISER; OLAF VANCURA; AND KENNETH WILSON, INDIVIDUALS, APPELLANTS, *v.* EMMILY BRISTOL; MINDY HSU, RPH.; AND WILLIAM RAMOS, M.D., RESPONDENTS.

No. 55429

December 30, 2010             245 P.3d 572

*Michael L. Peters*, Las Vegas; *Brooks Bauer LLP* and *Michael R. Brooks*, Las Vegas, for Appellants.

*American Civil Liberties Union of Nevada* and *Lee B. Rowland* and *Margaret A. McLetchie*, Reno; *American Civil Liberties Union Foundation* and *Diana Kasdan* and *Jennifer E. Dalven*, New York, New York; *Kaempfer Crowell Renshaw Gronauer & Fiorentino*

and *John W. Griffin, Jason Woodbury*, and *Severin A. Carlson*, Carson City; *Planned Parenthood of America, Inc.*, and *Mimi Liu*, Washington, D.C., for Respondents.

## OPINION

By the Court, HARDESTY, J.:

This is an appeal from a district court order determining that a proposed initiative violated NRS 295.009's single-subject rule and enjoining its placement on the 2010 general election ballot. Before this appeal could be decided, the deadline for submitting initiative signatures to the Secretary of State passed without the initiative's proponents having submitted any signatures, and the 2010 general election concluded without the initiative being included on the ballot. As a result, even if this court were to reverse the district court's order, we could grant no effective relief from that order,

rendering this appeal moot. Because the appeal is moot, we dismiss it. In so doing, we address whether issue preclusion principles apply to the district court's order, even though the appeal from that order is dismissed as moot, and we conclude that they do not.

## FACTS

In anticipation of the November 2010 general election, appellant Personhood Nevada, an advocacy group, filed with the Secretary of State a ballot initiative proposing to amend Article 1 of the Nevada Constitution.[1] After the initiative petition was filed with the Secretary of State, respondents, interested persons and Nevada registered voters, sought declaratory and injunctive relief in the district court, asserting that the initiative petition impermissibly encompassed more than one subject and contained a misleading and insufficient description of effect.[2] See NRS 295.009; NRS 295.061. The district court determined that appellants' proposed amendment violated NRS 295.009's single-subject rule because it was "too general and vague" to identify a single subject and because its widespread effects were neither sufficiently related and germane to a single subject nor described in a manner that would inform the petition signers and voters of the initiative's varied consequences. Based on those findings, the district court enjoined the Secretary of State from placing the initiative on the November 2010 general election ballot.

Appellants then appealed the district court's injunctive order to this court. However, before our review of the matter could be completed, the June 15, 2010, deadline for submitting proposed initiatives to the Secretary of State passed without appellants obtaining the necessary number of signatures or submitting the initiative to the Secretary. Nev. Const. art. 19, §§ 2(4) and 3(2); We the People Nevada v. Secretary of State, 124 Nev. 874, 192 P.3d 1166 (2008). Accordingly, we directed appellants to show cause why this appeal should not be dismissed as moot. In responding, the parties were also asked to address a second question: whether, in the event that this court determines that this appeal is moot, the district court's order should be vacated to avoid any preclusive effects on future efforts to qualify a similar initiative. In addition, respon-

---

[1]Article 1 of the Nevada Constitution sets forth the people's "Declaration of Rights."

[2]Below, respondents also argued that the initiative constituted an improper attempt to revise the Constitution. See Nev. Const. art. 16, § 2 (providing that when "a revision of [Nevada's] entire Constitution" is necessary, the Legislature and the people must vote to call a convention to do so). The district court declined to rule on that argument, however, and it was not raised on appeal.

dents filed a motion to dismiss this appeal as moot, for the same reason noted in our show-cause order. Appellants concurrently opposed the motion and responded to the show-cause order, and respondents filed a reply. Both parties filed supplemental briefs addressing the vacatur issue. After the supplemental briefs were filed, the November 2010 general election concluded.

## DISCUSSION

*This appeal is moot*

The question of mootness is one of justiciability. This court's duty is not to render advisory opinions but, rather, to resolve actual controversies by an enforceable judgment. *NCAA v. University of Nevada*, 97 Nev. 56, 57, 624 P.2d 10, 10 (1981). Thus, a controversy must be present through all stages of the proceeding, *see Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 476-78 (1990), and even though a case may present a live controversy at its beginning, subsequent events may render the case moot. *University Sys. v. Nevadans for Sound Gov't*, 120 Nev. 712, 720, 100 P.3d 179, 186 (2004); *Wedekind v. Bell*, 26 Nev. 395, 413-15, 69 P. 612, 613-14 (1902).

In this case, the appeal was rendered moot when appellants failed to submit sufficient signatures on the initiative petition by the June 15 submission deadline, rendering the proposed initiative ineligible for vote in the 2010 general election regardless of our decision. In addition, the 2010 general election has now concluded. Thus, this court is unable to grant effective relief with respect to the district court injunction at issue, and this appeal is moot. *See Langston v. State, Dep't of Mtr. Vehicles*, 110 Nev. 342, 344, 871 P.2d 362, 364 (1994).

Even when an appeal is moot, however, we may consider it if it involves a matter of widespread importance that is capable of repetition, yet evading review. *Traffic Control Servs. v. United Rentals*, 120 Nev. 168, 171-72, 87 P.3d 1054, 1057 (2004) (recognizing that the capable-of-repetition-yet-evading-review exception to the mootness doctrine applies when the duration of the challenged action is "relatively short" and there is a "likelihood that a similar issue will arise in the future" (citing *Binegar v. District Court*, 112 Nev. 544, 548, 915 P.2d 889, 892 (1996) (noting that the matter must be important), and *Langston*, 110 Nev. at 344, 871 P.2d at 363 (pointing out that facts unique to a particular party will not give rise to the mootness exception))). Appellants contend that this

exception to the mootness doctrine applies to the present matter for two reasons.

First, appellants point out that challenges under the NRS 295.009 single-subject requirement and to the description of effect must be made within 15 days of the proposed initiative's initial submission to the Secretary of State, NRS 295.061(1), which period, they assert, does not allow sufficient time to gather signatures pre-challenge. They argue that, in this instance, they were prohibited from collecting any signatures post-challenge by the district court's order.[3] In appellants' view, collecting signatures on the petition was impracticable because the district court had declared the initiative invalid and suggested that its description of effect was improper.

Second, appellants indicate that they are planning to file an identical initiative petition in 2012, and thus, they continue to seek this court's guidance on the matter now, suggesting that because of the short time period governing ballot initiatives, the issue could again become moot and evade review.

As to appellants' concerns that the initiative-challenge statute does not allow adequate time for pre-challenge signature gathering or for judicial review, we note that while the initiative deadlines in general are relatively short, the district court must expedite any challenges to an initiative, NRS 295.061(1), and this court typically resolves ballot-related cases before they become moot, often expediting such cases when requested to do so. *See, e.g.*, *In re Candelaria*, 126 Nev. 408, 245 P.3d 518 (2010) (expediting briefing and entering a summary disposition before later explaining the disposition in an opinion, to meet election deadlines); *LVCVA v. Secretary of State*, 124 Nev. 669, 191 P.3d 1138 (2008) (expediting appeals and resolving case before November general election).

As for appellants' plans to file a similar initiative petition in 2012, addressing a potential future initiative at this point would be speculative and lead to an improper advisory opinion. *See* Nev. Const. art. 6, § 4; *Applebaum v. Applebaum*, 97 Nev. 11, 12, 621 P.2d 1110, 1110 (1981) ("This court will not render advisory opinions on moot or abstract questions."); *City of No. Las Vegas v. Cluff*, 85 Nev. 200, 201, 452 P.2d 461, 462 (1969) (declining to review a challenge to an initiative when no actual controversy existed). Further, it is not clear that this matter, which concerns facts specific to this initiative, is of such public, widespread importance

---

[3]As respondents point out, the district court's order enjoined the Secretary of State from placing the matter on the ballot, not the collection of signatures. Appellants provided no support in their written and oral arguments for their contention that they were unable to collect signatures due to the district court's order.

to necessitate this court's review regardless of the claimed inability to provide effective relief. Thus, as the matter does not appear likely to evade review in the future and does not raise a legal issue or public policy question of widespread importance, we are not convinced that the exception to the mootness doctrine applies.

As respondents point out in their reply, other courts have dismissed appeals under similar circumstances. *See Ulmer v. Alaska Restaurant & Beverage Ass'n*, 33 P.3d 773 (Alaska 2001) (dismissing an appeal because the question regarding a proposed initiative petition's summary became moot when its sponsors failed to file the petition by the deadline and no exception to the mootness doctrine applied, since that court typically resolves such issues in time, the initiative might not be proposed again, and the issue was not so important as to warrant discussion despite lacking a current controversy); *Asher v. Carnahan*, 268 S.W.3d 427 (Mo. Ct. App. 2008) (dismissing an appeal challenging the language of a ballot summary that became moot when the proponents of the initiative petition failed to submit signatures by the deadline, since no guarantee existed that the language at issue would be used again in the future by both the secretary of state and the lower court); *Kerr v. Bradbury*, 131 P.3d 737 (Or. 2006) (dismissing as moot a petition for review when the proponents of a ballot measure failed to collect sufficient signatures). Likewise, we conclude that the capable-of-repetition-yet-evading-review exception to the mootness doctrine is inapplicable here, and this appeal should be dismissed. Accordingly, we now consider whether, in dismissing this appeal, it is necessary to vacate the district court decision in order to avoid preclusive effects on subsequent initiative petitions.

*Vacatur is not necessary*

Generally, courts agree that parties whose appeal from a judgment has been prevented through no fault of their own should not necessarily be bound in future litigation by the preclusive effects arising from that judgment. *See* 47 Am. Jur. 2d *Judgments* § 531 (2006). This principle has been effectuated in at least two different ways, however.

One approach, taken by the federal courts, applies preclusion principles unless the party seeking relief has asked the appellate court to reverse or vacate the underlying judgment. *See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994); *United States v. Munsingwear*, 340 U.S. 36 (1950); 13C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3533.10 (3d ed. 2008 & Supp. 2010). This practice " 'clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of

which was prevented through happenstance.'" *Bonner Mall Partnership*, 513 U.S. at 22-23 (quoting *Munsingwear*, 340 U.S. at 40).

According to the Restatement (Second) of Judgments, however, the federal approach of requiring a party to move for reversal or vacatur to avoid preclusion has been "criticized as setting a procedural trap for the unwary" and has not been adopted by many state courts, although some have made clear in their dismissal orders that no preclusive effect is to be given to the lower court's order. Restatement (Second) of Judgments § 28 (1982) reporter's note (citing 46 Am. Jur. 2d *Judgments* § 464 (1969)). Therefore, the Restatement (Second) of Judgments advocates a second approach: issue preclusion principles simply do not apply when an appeal has been rendered moot. Restatement (Second) of Judgments § 28(1) cmt. a.

Many state courts agree. For example, the Connecticut Supreme Court, in *Commissioner of Motor Vehicles v. DeMilo & Co.*, 659 A.2d 148, 156-59 (Conn. 1995), adopted the Restatement (Second) approach as regards issue preclusion, consequently declined to follow the federal approach, and determined that as for collateral consequences stemming from the unreviewable judgment itself, that judgment was not void, but voidable and subject both to direct attack by motion to set aside upon balancing the hardships and finality considerations and to collateral attack in an enforcement proceeding. *See also Grau v. Board of Zoning Appeals of Baltimore County*, 122 A.2d 824 (Md. 1956); *Salem v. Mass. Com'n Against Discrimination*, 693 N.E.2d 1026 (Mass. App. Ct. 1998), *overruled on other grounds by Trustees of Health and Hospitals v. MCAD*, 839 N.E.2d 861 (Mass. App. Ct. 2005); *In re Guardianship of Doornbos*, 151 P.3d 126, 127 (Okla. 2006). We agree with the courts that adopt the Restatement (Second) section 28(1), comment a, and conclude that in Nevada, when an appeal is dismissed as moot by no fault of the appellant, the lower court's determination of an issue in the matter will have no preclusive effect in future litigation.

Relying on the Connecticut opinion, appellants ask that their supplemental brief be considered a direct motion to set aside the district court's order based "upon balancing the hardships and finality considerations," asserting that the decision could be asserted as binding precedent in the future. *DeMilo & Co.*, 659 A.2d at 158. But as discussed above, under the Restatement (Second) of Judgments approach, the district court's order has no preclusive effect, and thus, there is no need to set the order aside to avoid it being used as binding precedent. *Id.* at 158. Accordingly, as ap-

pellants have not justified any remand to the district court for the balancing of any hardships collaterally imposed by the court's order against finality considerations, we deny their request to consider the brief a motion to set the order aside.

## CONCLUSION

Because the deadline for submitting ballot initiative signatures and the November 2010 election have passed, this court can afford no relief from the district court's injunctive order, and this appeal is dismissed as moot. Adopting the Restatement (Second) of Judgments, we conclude that because appellate review was precluded as a matter of law, no preclusive effect is to be given the district court's order in any subsequent litigation.

PARRAGUIRRE, C.J., and DOUGLAS, CHERRY, SAITTA, GIBBONS, and PICKERING, JJ., concur.