An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

HEATHER A. HULSEY,
Appellant,
vs.
CITY OF NORTH LAS VEGAS,
Respondent.

No. 58548

FILED

JUN 1 4 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a motion to compel arbitration and dismissing the action in an employment matter. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant Heather Hulsey was a probationary police officer employed by the North Las Vegas Police Department when she received notice that her employment would be nonconfirmed at the end of her probationary period. The North Las Vegas Police Officers Association filed a grievance on appellant's behalf, which the Department denied. The Association subsequently requested arbitration pursuant to the collective bargaining agreement, but the city manager for respondent City of North Las Vegas denied the request, asserting that it would not arbitrate the grievance because appellant's position was probationary. The Association

SUPREME COURT
OF
NEVADA

(O) 1947A

13-17582

took no further action to pursue the matter, but appellant, through her own counsel, filed a motion to compel arbitration in the district court. The district court denied the motion on the grounds that the collective bargaining agreement was between the City and the Association, and therefore appellant, as an individual employee, did not have standing to compel arbitration. This appeal followed.

Whether standing exists is a question of law subject to de novo review. *Ruiz v. City of N. Las Vegas*, 127 Nev. ___, ___, 255 P.3d 216, 219 (2011). Additionally, a determination as to whether a dispute is arbitrable involves questions of contractual construction, which this court also reviews de novo. *Clark Cnty. Public Emps. Ass'n v. Pearson*, 106 Nev. 587, 590, 798 P.2d 136, 137 (1990).

On appeal, this court is asked to determine whether appellant, as an individual employee member of the Association, has standing to move to compel her employer to arbitrate under the collective bargaining agreement between the employer and the Association. We agree with the district court's determination that she does not. The collective bargaining agreement provides that if, after the Association submits the grievance on behalf of the employee, the city manager and the Association cannot reach a "mutually satisfactory settlement," then "the Association shall have the right to submit the matter to arbitration." This language indicates that only the Association, and not its individual members, has the right to pursue arbitration. *Cf. Ruiz*, 127 Nev. at ___, 255 P.3d at 220-21 (concluding that an individual employee member of the Association is not a "party" to the arbitration based on the language of the collective bargaining agreement).

Moreover, the Association cannot assign its right to pursue arbitration to the individual employee because doing so would materially increase the City's obligations under the collective bargaining agreement in situations where the Association has decided, at any point during the grievance process, not to pursue arbitration. *See id.* at ___, 255 P.3d at 221-22 (explaining that under the traditional principles of contract law, the union could not assign its right to challenge an arbitration decision because doing so would increase the city's obligations or risks and the collective bargaining agreement did not expressly provide for assignment). To the extent that appellant attempts to distinguish *Ruiz* as involving different factual circumstances and a different point in the arbitration process, we note that other jurisdictions have rejected the proposition that an employee may compel arbitration under circumstances similar to the ones presented here. *See, e.g., Black-Clawson Co., Inc. v. Int'l Ass'n of Machinists Lodge 355*, 313 F.2d 179, 183-84 (2d Cir. 1962) (concluding that when the terms in the collective bargaining agreement do not give an individual employee the right to compel the employer to arbitrate, that employee has no standing to do so); *Thomas v. Thompson Sch. Dist. R2-J*, 749 P.2d 966, 967-68 (Colo. App. 1987) (concluding that only the union, and not an individual teacher, has standing pursuant to the terms of the collective bargaining agreement to compel the school district to arbitrate the grievance, even if the union initially requested arbitration); *see also Wilcoxson v. Tackett*, 41 P.3d 1024, 1027 (Okla. Civ. App. 2001) (recognizing that language in a collective bargaining agreement that limits the right to compel arbitration to the parties is not unusual). And in responding to the City of North Las Vegas's arguments in this regard, appellant fails to cite to any contrary authority allowing an employee to

compel arbitration under circumstances similar to those presented here. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____ , J.
Hardesty

_____ , J.
Parraguirre

_____ , J.
Cherry

cc:  Hon. Michelle Leavitt, District Judge
Craig A. Hoppe, Settlement Judge
Law Office of Daniel Marks
North Las Vegas City Attorney
Eighth District Court Clerk

---

[1]To the extent that appellant's arguments have not been addressed, we conclude that they lack merit. Further, to the extent that appellant has inquired as to what alternative remedies are available to the individual employee if the court denies standing to individual employees to compel arbitration, this court does not issue advisory opinions. *See Personhood Nev. v. Bristol*, 126 Nev. ___, ___, 245 P.3d 572, 574 (2010) (explaining that "[t]his court's duty is not to render advisory opinions but, rather, to resolve actual controversies by an enforceable judgment").