An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| COMFORT RESIDENTIAL PARTNERS, LLC, A NEVADA LIMITED LIABILITY COMPANY, Appellant, vs. NOVA CASUALTY COMPANY, A NEW YORK INSURANCE COMPANY, Respondent. | No. 61709 |

FILED

AUG 2 1 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order granting summary judgment to respondent in an insurance action. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

In the district court, appellant Comfort Residential Partners, LLC, filed suit against a third party, Sun Rockeries. Sun Rockeries' insurer, respondent Nova Casualty Company, declined to defend Sun Rockeries in the suit, and a default judgment was ultimately entered, giving rise to potential claims against Nova and others for failure to defend Sun Rockeries. Sun Rockeries thereafter assigned those potential claims to Comfort Residential, which then filed suit based on the claims. In that action, the district court granted summary judgment in favor of Nova based on the conclusion that Nova did not have a duty to defend Sun Rockeries in Comfort Residential's initial action. As claims remained pending against other defendants in the failure-to-defend action, the district court certified the summary judgment in favor of Nova as final pursuant to NRCP 54(b). This appeal followed.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-24723

After the notice of appeal was filed, the district court entered an order in the failure-to-defend action granting summary judgment in favor of one of the remaining defendants on the ground that the default judgment entered against Sun Rockeries was invalid. Comfort Residential did not appeal that judgment, and Nova subsequently filed the instant motion to dismiss this appeal as moot in light of the district court's order regarding the default judgment. Nova's motion is based on the premise that, even if this court were to conclude that Nova had a duty to defend Sun Rockeries, Comfort Residential would not be entitled to recover a judgment on its claim against Nova, as the underlying default judgment has been determined to be invalid.

In opposing the motion to dismiss, Comfort Residential contends that the district court lacked jurisdiction to enter the order as to the default judgment in light of the pending appeal. The matter before this court on appeal, however, concerns whether Nova had a duty to defend Sun Rockeries, and if so, whether the amount of the default judgment is the proper measure of damages for its failure to do so. While the district court's order concluding that the default judgment was invalid may have rendered this appeal moot by negating the need to answer the questions before this court, it did not in any way affect the analysis of the merits of those questions. Thus, the district court had jurisdiction to enter the order. *See Mack-Manley v. Manley*, 122 Nev. 849, 855, 138 P.3d 525, 529-30 (2006) (explaining that "when an appeal is perfected, the district court is divested of jurisdiction to revisit issues that are pending before this court, [but] retains jurisdiction to enter orders on matters that are collateral to and independent from the appealed order, *i.e.*, matters that in no way affect the appeal's merits"). Beyond its jurisdictional argument,

Comfort Residential does not dispute that the district court's order regarding the default judgment rendered this appeal moot.

Accordingly, we conclude that dismissal is appropriate, *see Personhood Nevada v. Bristol*, 126 Nev. \_\_, \_\_, 245 P.3d 572, 574 (2010) (explaining that "[t]his court's duty is not to render advisory opinions but, rather, to resolve actual controversies by an enforceable judgment," and that "even though a case may present a live controversy at its beginning, subsequent events may render the case moot"), and we therefore

ORDER this appeal DISMISSED.[1]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

---

[1]Having considered respondent's May 2, 2013, notice of permission to appear under SCR 42, we conclude that no action need be taken as to that document. We also disapprove as moot the parties' May 2, 2013, stipulation for extension of time to file the answering brief. The clerk of this court shall return, unfiled, respondent's answering brief, provisionally received on June 27, 2013.

cc:    Hon. Janet J. Berry, District Judge
Paul F. Hamilton, Settlement Judge
Greene & Markley, P.C.
Robison Belaustegui Sharp & Low
Kilmer, Voorhees & Laurick, PC
Jenkins & Carter
Washoe District Court Clerk