An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

EDAR Y. ROGLER,
Appellant,
vs.
BONNIE J. MILLARD; AND DAVID
WACKERLY,
Respondents.

No. 61609

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court summary judgment in a probate matter. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

This court reviews de novo whether the district court properly granted summary judgment. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). "Summary judgment is appropriate . . . when the pleadings and other evidence on file demonstrate that no genuine issue as to any material fact remains and that the moving party is entitled to a judgment as a matter of law." *Id.* (quotation and alteration omitted). When deciding a motion for summary judgment, "the evidence, and any reasonable inferences drawn from it, must be viewed in a light most favorable to the nonmoving party." *Id.*

On appeal, appellant argues that the district court improperly enforced the no-contest clause contained in the decedent's trust. We disagree. In appellant's January 2012 objection to respondents' petition to probate the will, assume jurisdiction over the trust, and appoint respondents as co-personal representatives of the estate, appellant argued that the terms of the decedent's trust could not be fully executed because

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30577

the decedent had promised to give appellant an additional $25,000 beyond her residual share of the estate. Thereafter, in their June 2012 summary judgment motion, respondents pointed out that there was no evidence to support the existence of such a promise,[1] and they also contended that appellant's conduct fell squarely within the terms of the trust's no-contest clause. In opposing respondents' summary judgment motion, appellant did not address this argument, much less explain how her conduct fell within the exceptions to either NRS 163.00195 (addressing the enforcement of no-contest clauses in trusts) or NRS 137.005 (addressing the enforcement of no-contest clauses in wills). Thus, at the time that the district court granted summary judgment, appellant had produced no evidence from which to infer the existence of the $25,000 promise, and had provided no legal argument as to why the explicit terms of the no-contest clause should not be enforced in light of the allegation regarding the $25,000 promise contained in appellant's January 2012 objection.[2] *Wood*, 121 Nev. at 729, 121 P.3d at 1029. Nor has appellant provided any argument on appeal demonstrating why, in light of these circumstances, the district court's grant of summary judgment to respondents on this

---

[1]Notably, in contradiction to appellant's allegation that "prior amended trusts had this [$25,000 promise] clause in it," respondents submitted copies of the two previous versions of the decedent's trust, neither of which contained such a clause.

[2]Appellant argues on appeal that the district court improperly granted summary judgment without ruling on several of her pending motions. But a review of these motions reveals that they contain no discussion of the alleged $25,000 promise, nor any references to discovery-related matters that could have reasonably been directed toward obtaining evidence in support of the promise's existence.

issue was erroneous. Accordingly, we conclude that the district court properly enforced the trust's no-contest clause against appellant.

Further, in light of our conclusion that the district court properly enforced the no-contest clause against appellant, appellant is no longer an "interested person" capable of challenging the remaining determinations in the district court's summary judgment order. *See* NRS 132.185; NRS 164.005; *Linthicum v. Rudi*, 122 Nev. 1452, 1455, 148 P.3d 746, 748 (2006) (recognizing generally that only an interested person has standing to seek judicial intervention in a trust's administration). Accordingly, we need not consider appellant's arguments regarding the propriety of the distribution to the decedent's widow or the propriety of appointing respondents as co-personal representatives of the decedent's estate. *Personhood Nev. v. Bristol*, 126 Nev. ___, ___, 245 P.3d 572, 574 (2010) ("This court's duty is not to render advisory opinions but, rather, to resolve actual controversies . . . ."). We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Gloria Sturman, District Judge
Edar Y. Rogler
Jeffrey L. Burr, Ltd.
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A