An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE PEOPLE'S LEGISLATURE; PEST COMMITTEE; AND CITIZEN OUTREACH, Appellants,

vs.

ROSS MILLER, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE FOR THE STATE OF NEVADA; NEVADA RESORT ASSOCIATION; NEVADA MINING ASSOCIATION; RETAIL ASSOCIATION OF NEVADA; AND NEVADA LEGISLATURE, Respondents.

No. 60949

FILED

OCT 0 9 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART AND REVERSING IN PART

This is an appeal from a district court summary judgment in a declaratory and injunctive relief action. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

Appellants The People's Legislature, PEST Committee, and Citizen Outreach, (collectively, appellants) drafted an initiative petition that they intended to circulate for voter signatures. Appellants' petition proposes, among other things, to establish a gross receipts tax, establish an intermediate appellate court, increase teachers' salaries, create a no-interest loan program to promote energy efficiency, eliminate real property taxes on all owner-occupied single family residential homes, and fund the millennium scholarship. Instead of filing the petition with

SUPREME COURT
OF
NEVADA

(O) 1947A

15-30720

respondent Secretary of State[1] or circulating the draft petition for voter signatures, appellants filed an action in the district court against the Secretary of State. In the district court, appellants sought a change in the traditional interpretation of the single-subject rule applicable to legislation found in Article 4, Section 17 of the Nevada Constitution, a change that would render Senate Bill 224, passed in 2005 and enacting, among other things, NRS 295.009's single-subject rule applicable to initiative petitions, and Assembly Bill 81, passed in 2011 and clarifying additional requirements for initiative petitions, invalid. Appellants alternatively requested declaratory relief that their draft petition prospectively satisfied all Nevada laws, including NRS 295.009's initiative petition single-subject rule.

Respondents Nevada Resort Association, Nevada Mining Association, Retail Association of Nevada, and the Nevada Legislature all moved to intervene, which the district court permitted. Thereafter, the Legislature and the Secretary of State moved for summary judgment. The district court granted the Legislature's and the Secretary of State's motions for summary judgment, applying the established legislative single-subject rule, concluding that both Senate Bill 224 and Assembly Bill

---

[1]The proponent of an initiative petition must file the initiative with the Secretary of State before beginning circulation. Nev. Const. art. 19, § 2(3); NRS 295.015(1). The purpose of the filing requirement is to ensure that a true and accurate copy of the proposed initiative is available for examination by public officials and citizens before it is presented to the voters for their signatures. *See Nevadans for Nev. v. Beers*, 122 Nev. 930, 943, 142 P.3d 339, 347 (2006). Once the proposed initiative is filed with the Secretary, only that version may be presented to the voters for their signatures. *See id.* at 943-49; 142 P.3d at 348-52.

81 were constitutional, and determining that appellants' request for declaratory relief was not ripe for judicial determination.

Declaratory relief is permitted in an appropriate case, even when another adequate remedy exists. NRCP 57. Declaratory relief is available to

> [a]ny person interested under a deed, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

NRS 30.040(1). Under NRS 30.080, the court may refuse to enter a declaratory judgment if the judgment "would not terminate the uncertainty or controversy giving rise to the proceeding." This court has also concluded that declaratory relief is only available when

> (1) a justiciable controversy exists between persons with adverse interests, (2) the party seeking declaratory relief has a legally protectable interest in the controversy, and (3) *the issue is ripe for judicial determination.* However, whether a determination in an action for declaratory judgment is proper is a matter for the *district court's discretion and will not be disturbed on appeal unless the district court abused that discretion.*

*Cnty. of Clark v. Upchurch*, 114 Nev. 749, 752, 961 P.2d 754, 756 (1998) (emphases added) (citations omitted).

NRS 295.015 required appellants to file their petition with the Secretary of State.[2] Appellants have not filed their petition with the Secretary of State. So long as a legislative proposal, in this case a draft initiative, remains subject to change, its validity is not justiciable and not ripe for adjudication. We, therefore, decline to consider the relief sought and decline to address the constitutionality of Senate Bill 224 and Assembly Bill 81 in the context of a draft petition, as doing so would result in an advisory opinion. *See Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010) ("This court's duty is not to render advisory opinions but, rather, to resolve actual controversies by an enforceable judgment.")

Thus, we conclude that the district court did not abuse its discretion in determining that appellants' request for declaratory relief was neither justiciable nor ripe for adjudication. For this same reason, however, we conclude that the district court's findings that Senate Bill 224 and Assembly Bill 81 are constitutional were premature. Accordingly, we

---

[2]The complaint filed by appellants challenged the application of Senate Bill 224's single-subject rule. It did not challenge the amendment to NRS 295.061, the statute concerning the procedures for judicial review of an initiative or referendum.

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART.

_____, C.J.
Hardesty

_____, J.        _____, J.
Parraguirre                         Douglas

_____, J.        _____, J.
Cherry                              Saitta

_____, J.        _____, J.
Gibbons                             Pickering

cc:    Hon. Jerry A. Wiese, District Judge
       Law Offices of Kermitt L. Waters
       Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP/Las Vegas
       Brownstein Hyatt Farber Schreck, LLP/Las Vegas
       Attorney General/Carson City
       Legislative Counsel Bureau Legal Division
       Griffin Rowe
       Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A