An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DEANGELO MARON MALONE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66874

FILED

DEC 2 3 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK



## ORDER DISMISSING APPEAL AS MOOT

This is a pro se appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Appellant DeAngelo Malone filed his post-conviction petition on August 8, 2014, more than 5 years after this court issued the remittitur from his direct appeal on March 31, 2009. *Malone v. State*, Docket No. 51301 (Order of Affirmance, March 4, 2009). Thus, Malone's petition was untimely filed. *See* NRS 34.726(1). Malone's petition was also successive because he had previously litigated a post-conviction petition for a writ of

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-39684

habeas corpus,[2] and it constituted an abuse of the writ because he raised a claim that was new and different from the claims raised in his first petition. *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Therefore, Malone's petition was procedurally barred absent a demonstration of good cause and prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Malone claimed that the recent U.S. Supreme Court decision in *Miller v. Alabama*, 567 U.S. ___, 132 S. Ct. 2455 (2012), holding that mandatory life-without-parole sentences for juvenile offenders are unconstitutional, provided good cause to file a post-conviction petition challenging his two consecutive sentences of life without the possibility of parole.

Even assuming that *Miller* provided good cause for the delay and for filing a successive petition, that Malone's additional delay after *Miller* was decided on June 25, 2012, was not unreasonable, *see Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003) (stating that, to constitute good cause, a claim cannot itself be procedurally defaulted), and that *Miller* applies where, as here, the life-without-parole sentence was *not* mandatory, *see* NRS 200.030(4), we conclude that this appeal has been rendered moot by the recent enactment of A.B. 267. With A.B. 267, the Legislature has made Malone eligible for parole on the murder conviction regardless of the life-without-parole sentences imposed, after he "has served 20 calendar years of incarceration, including any time served in a county jail." 2015 Nev. Stat., ch. 152, §§ 3(1)(b), 5(2), at 618-19. Because A.B. 267 provides Malone with any relief *Miller* even arguably affords in

---

[2]*Malone v. State*, Docket No. 57222 (Order Dismissing Appeal, December 20, 2010).

his case, this appeal is moot. *See Personhood Nevada v. Bristol*, 126 Nev., Adv. Op. 56, 245 P.3d 572, 574 (2010). We therefore

ORDER this appeal DISMISSED.[3]

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Valorie J. Vega, District Judge
       Deangelo Maron Malone
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[3]In light of this disposition, we deny as moot Malone's motion for appointment of counsel. We have reviewed all documents that Malone has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that Malone has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.