# IN THE SUPREME COURT OF THE STATE OF NEVADA

MELANIE ANDRESS-TOBIASSON,
Petitioner,
vs.
NEVADA COMMISSION ON JUDICIAL
DISCIPLINE,
Respondent.

No. 80904

FILED

OCT 08 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER DISMISSING PETITION

This is an original petition for a writ of mandamus or prohibition challenging a subpoena in a judicial discipline matter.

Respondent Nevada Commission on Judicial Discipline issued a subpoena to petitioner Justice of the Peace Melanie Andress-Tobiasson, requiring her to respond to an interview with an investigator concerning a judicial complaint. In seeking writ relief, petitioner asserts that due process requires that respondent provide her with a copy of the judicial complaint before her interview with the investigator. Respondent asserts that the petition is moot because it has since elected to forgo the investigatory interview, disclosed the complaint and complete evidentiary record to petitioner, and required petitioner to respond to the complaint. Respondent also filed a motion to dismiss the petition on the same grounds. It has since filed a statement of formal charges against petitioner.

Having considered the petition, answer, reply, and other filings, we conclude that there is no longer any relief that this court can grant petitioner within the context of this writ petition, rendering the petition moot. *See Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010) ("This court's duty is not to render advisory opinions but, rather, to resolve actual controversies by an enforceable judgment."). We are not

20-37018

persuaded by petitioner's argument that the petition involves a matter of widespread importance that is capable of repetition, yet evading review. *Id.; see In re Guardianship of L.S. & H.S.*, 120 Nev. 157, 161, 87 P.3d 521, 524 (2004) (deciding an otherwise moot matter based on U.S. Supreme Court precedent that applies the capable-of-repetition-yet-evading-review doctrine only in exceptional cases where the challenged action is "too short in its duration to be fully litigated prior to its natural expiration," and a reasonable expectation exists "that the same complaining party will suffer the harm again"). Thus, we

ORDER the petition DISMISSED.[1]

_____ , C.J.
Pickering

_____ , J.
Gibbons

_____ , J.
Hardesty

_____ , J.
Parraguirre

_____ , J.
Stiglich

_____ , J.
Cadish

_____ , J.
Silver

cc: Cook & Kelesis
Thomas R. Sheets
Nevada Commission on Judicial Discipline
Law Offices of Thomas C. Bradley

---

[1]We deny all other pending motions as moot.

SUPREME COURT
OF
NEVADA

(O) 1947A