# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHELSEA ANN MEYER,
Appellant,
vs.
DARIN BALAAM, WASHOE COUNTY
SHERIFF; AND THE JUSTICE COURT
FOR SPARKS TOWNSHIP,
Respondents.

No. 81139

**FILED**

JUL 0 1 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ‎‏S. Young‎
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order denying appellant Chelsea Ann Meyer's petition for a writ of habeas corpus or, in the alternative, petition for a writ of mandamus. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

Meyer was arrested on April 8, 2020. Five days later she made her first appearance before the justice court. She requested a bail hearing, which she was not provided with until April 20—12 days after her arrest. Meyer filed an emergency writ petition in district court. In her petition, she argued that the justice court had not complied with the "prompt" bail-hearing requirement under *Valdez-Jimenez v. Eighth Judicial District Court*, 136 Nev. 155, 156, 460 P.3d 976, 980 (2020). Meyer requested that the district court find that for a bail hearing to be "prompt" under *Valdez-Jimenez*, it must occur within 48 hours of a detainee's arrest. The district court denied Meyer's petition, finding that 72-business hours is a more appropriate time limit. Thereafter, Meyer pleaded guilty to one misdemeanor count of petit larceny.

Meyer now appeals the district court's denial of her writ petition, asking this court to clarify what constitutes a "prompt" bail hearing under *Valdez-Jimenez*. Meyer argues that the district court erred

21-18922

and proposes that we reverse and instead hold that 48 hours is sufficiently "prompt" under *Valdez-Jimenez*. Although Meyer concedes that the issue of her pretrial custody hearing is now moot because she has already pleaded guilty, she contends that the mootness exception set forth in *Valdez-Jimenez* applies to her case. *See Valdez-Jimenez*, 136 Nev. at 158, 460 P.3d at 982.

We review "[a] district court's decision to grant or deny a writ petition . . . [for] an abuse of discretion." *DR Partners v. Bd. of Cty. Comm'rs*, 116 Nev. 616, 621, 6 P.3d 465, 468 (2000). However, this court generally declines to hear a moot case. *Valdez-Jimenez*, 136 Nev. at 158, 460 P.3d at 981. A case is moot when there is no longer an actual controversy to resolve such that this court's disposition on the matter would be an advisory opinion rather than an enforceable judgment. *See Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010). "The party seeking to overcome mootness must prove that (1) the duration of the challenged action is relatively short, (2) there is a likelihood that a similar issue will arise in the future, and (3) the matter is important." *Valdez-Jimenez*, 136 Nev. at 158, 460 P.3d at 982 (internal quotation marks omitted).

Assembly Bill (A.B.) 424 was enacted by the Legislature during the 2021 legislative session. 2021 Nev. Stat., ch. 375, § 5.7, at ___. Section 5.7 of A.B. 424 provides in relevant part that "a court shall, *within 48 hours* after a person has been taken into custody, hold a pretrial release hearing . . . to determine the custody status of the person." A.B. 424, 81st Leg. (Nev. 2021) (emphasis added). Because A.B. 424 establishes that

SUPREME COURT
OF
NEVADA

(O) 1947A

detainees must be provided a pretrial release hearing within 48 hours,[1] as Meyer requests, we conclude that this appeal is moot. For the same reason, we further conclude that Meyer fails to establish that "there is a likelihood that a similar issue will arise in the future." *Valdez-Jimenez*, 136 Nev. at 158, 460 P.3d at 982. As such, the mootness exception under *Valdez-Jimenez* does not apply. Accordingly, we

ORDER this appeal DISMISSED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:     Hon. Scott N. Freeman, District Judge
        Washoe County Public Defender
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk

---

[1]Section 5.7 of A.B. 424 allows for either the defendant or the State to continue the pretrial release hearing upon a showing of good cause. A.B. 424, 81st Leg. (Nev. 2021).