# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE
GUARDIANSHIP OF THE PERSON
AND ESTATE OF: MAE R. BROWN,
ADULT PROPOSED PROTECTED
PERSON.

No. 82935

SHAWNTINA BROWN-PALMORE,
                            Appellant,
                    vs.
MAE R. BROWN; AND TYRESE
BROWN,
                            Respondents.

**FILED**

FEB 03 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from an order dismissing appellant's petition for appointment of a temporary guardian. Eighth Judicial District Court, Family Court Division, Clark County; Linda Marquis, Judge.

Included in the docketing statement in this appeal is a district court order of "Voluntary Dismissal," indicating that appellant has voluntarily dismissed the action because respondent Mae R. Brown, the proposed protected person in this matter, has died. Accordingly, this court directed appellant to show cause why the appeal is not moot. Appellant has responded and respondents have filed a reply.

This court has jurisdiction to resolve actual controversies, not to render advisory opinions or declare principles of law that cannot affect the cases before it. *Personhood Nevada v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010). Because Mae has passed away, even if appellant were successful with this appeal, the guardianship cannot be reopened and appellant cannot file a new petition. There is no relief for this court to provide in a guardianship proceeding. Appellant's proposal that the issues

22-03741

are capable of repetition yet evading review falls short of the scope of an exception to the mootness doctrine. *See In re Guardianship of L.S. & H.S.*, 120 Nev. 157, 161, 87 P.3d 521, 524 (2004) (holding that the mootness exception applies only in "exceptional circumstances," and that the issue "must be too short in its duration to be fully litigated prior to its natural expiration, and a reasonable expectation must exist that the same complaining party will suffer the harm again."). Appellant's claims appear to fall more properly within the purview of a probate proceeding.

In addition, the district court dismissed the petition without prejudice. This court has held that an order dismissing a guardianship petition with leave to amend is an interlocutory, nonappealable order. *See Matter of Guardianship of Rubin*, 137 Nev. Adv. Op. 27, 491 P.3d 1, 4 (2021), *citing Bergenfield v. BAC Home Loans Servicing, LP*, 131 Nev. 683, 685, 354 P.3d 1282, 1284 (2015) (holding that "a district court order dismissing a complaint with leave to amend is not final and appealable"). This court lacks jurisdiction, and

ORDERS this appeal DISMISSED.[1]

_____, J.
Hardesty

_____, J.          _____, J.
Stiglich                             Herndon

---

[1]Appellant's motion to strike respondents' reply to the order to show cause is denied.

cc: Hon. Linda Marquis, District Judge, Family Court Division
Israel Kunin, Settlement Judge
Bowen Law Offices
The Law Offices of Frank J. Toti, Esq.
Legal Aid Center of Southern Nevada, Inc.
Eighth District Court Clerk