IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER ANDERSEN,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
CRYSTAL ELLER, DISTRICT JUDGE,
Respondents,
    and
CITY OF LAS VEGAS,
Real Party in Interest.

No. 82773

FILED

MAR 0 9 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY___S. Young
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This is an original petition for a writ of mandamus challenging the district court's order of reversal and remand to the municipal court in a criminal battery constituting domestic violence case.

This petition is a sequel to our decision in *Andersen v. Eighth Judicial District Court*, 135 Nev. 321, 322-24, 324, 448 P.3d 1120, 1122–23, 1124 (2019) (*Andersen I*), in which we held that a misdemeanor battery constituting domestic violence (BDV) charge under NRS 200.485(1)(a) is a "serious offense" that entitles the accused to a jury trial. Despite having secured a jury trial from this court in *Andersen I*, on returning to municipal court, petitioner Christopher Andersen challenged the municipal court's

jurisdiction to hold that jury trial, arguing that it did not have statutory authority to do so. The municipal court agreed with Andersen that it lacked jurisdiction to hold a jury trial, but further held it could not transfer the case to justice court prior to trial, there being no final disposition or plea agreement. *See* NRS 5.0503(2) (prohibiting a municipal court from transferring a case absent a final disposition or plea). So, the municipal court concluded that it was in jurisdictional "limbo" and dismissed Andersen's charges. The state appealed the dismissal to the district court, which reversed and remanded the case, again, to municipal court to hold a jury trial. Andersen now petitions for a writ of mandamus, asking this court to compel the district court to affirm the municipal court's order and dismiss the charges against him for lack of jurisdiction.

During the pendency of this action, the Nevada legislature passed, and the governor signed, A.B. 42, which expressly authorizes the municipal court to hold a jury trial for "any matter" within its jurisdiction, which includes a misdemeanor BDV offense. A.B. 42, 81st Leg. (Nev. 2021); *see also* NRS 5.050(2). The bill became effective on January 1, 2022 and applies to offenses committed before that date if they are "pending or otherwise unresolved on January 1, 2022." A.B. 42, 81st Leg. Andersen's case is unresolved as of the effective date; the bill therefore applies and empowers the municipal court to conduct a jury trial in this case.

We therefore conclude that the petition is moot. *Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010) (holding that later events may render a once-live controversy moot). The jury trial

Andersen asked this court to mandate in *Andersen I* should proceed. Accordingly we,

ORDER the petition DENIED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

cc:    Hon. Crystal Eller, District Judge
The Pariente Law Firm, P.C.
Attorney General/Carson City
Las Vegas City Attorney
Robert E. Anderlik
Henderson City Attorney
Eighth District Court Clerk