IN THE SUPREME COURT OF THE STATE OF NEVADA

NATHAN OHM,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
KATHLEEN E. DELANEY, DISTRICT
JUDGE,
Respondents,
and
THE CITY OF HENDERSON,
Real Party in Interest.

No. 81960

FILED

APR 29 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION

This petition for a writ of certiorari challenges a district court order denying a petition for a writ of mandamus. Petitioner Nathan Ohm was charged with two counts of misdemeanor battery constituting domestic violence under NRS 200.485 in Henderson Municipal Court. After we held that misdemeanor battery constituting domestic violence under NRS 200.485(1)(a) is a "serious offense" that entitles the accused to a jury trial, *Andersen v. Eighth Judicial Dist. Court*, 135 Nev. 321, 322-24, 448 P.3d 1120, 1122-23, 1124 (2019), the City amended the complaint to charge Ohm under newly enacted municipal code provisions largely identical to NRS 200.485. Ohm unsuccessfully moved to divest the municipal court of jurisdiction with a motion filed in the municipal court and a petition for a writ of mandamus in the district court.

Ohm filed the instant petition to challenge the district court's denial of his petition for a writ of mandamus. During the pendency of this

petition, the Legislature passed, and the governor signed, A.B. 42, which expressly authorizes municipal courts to hold jury trials for "any matter" within its jurisdiction, which includes misdemeanor battery constituting domestic violence. 2021 Nev. Stat., ch. 253, § 8, at 1314; *see also* NRS 5.050(2). The Legislature also amended NRS 202.360(1)(a) so that it no longer relies on federal law to define what constitutes a crime of domestic violence. 2021 Nev. Stat., ch. 253, § 13, at 1320. The amended version restricts the right to possess a firearm when a person "[h]as been convicted of the crime of battery which constitutes domestic violence pursuant to NRS 200.485, or a law of any other jurisdiction that prohibits the same or substantially similar conduct, committed against or upon" certain persons in a domestic relationship with the perpetrator. *Id.* The bill became effective on January 1, 2022 and applies to offenses committed before that date if they are "pending or otherwise unresolved on January 1, 2022." *Id.* § 17, at 1324. Because Ohm's case has not yet been resolved, the 2021 amendments apply and afford him the right to a jury trial and the municipal court the authority to conduct a jury trial in this case.

In light of the passage of A.B. 42, we conclude that Ohm's contentions are moot.[1] *See Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010) (holding that later events may render a once-live

---

[1]We note that Ohm could have appealed the district court's order denying mandamus relief, *see* NRS 2.090(2) (providing a right to appeal from order refusing mandamus relief), and a writ of certiorari generally will not issue if the petitioner has "any plain, speedy and adequate remedy." NRS 34.020(2); *Ashokan v. State, Dep't. of Ins.*, 109 Nev. 662, 665, 856 P.2d 244, 246 (1993) ("This court has generally declined to entertain petitions for review of a district court decision where that decision was appealable.").

controversy moot). The case pending in municipal court may proceed consistent with current law. Accordingly, we

ORDER the petition DENIED.[2]

_____, C.J.
Parraguirre

_____, J.          _____, Sr.J.
Cadish                                Gibbons

cc:  Hon. Kathleen E. Delaney, District Judge
     Nevada Defense Group
     Henderson City Attorney
     Eighth District Court Clerk

_____

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

(O) 1947A