IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE AUDIE G. LEVENTHAL IRREVOCABLE TRUST DATED MAY 12, 2010.

No. 82459

AUDIE G. LEVENTHAL,
Appellant,
vs.
GOODSELL LAW GROUP,
Respondent.

FILED

MAY 12 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

On August 19, 2021, this court entered an order dismissing the appeal of the Audie G. Leventhal Irrevocable Trust dated May 12, 2010 (the Trust) because the Trust had not retained new counsel following its previous counsel's withdrawal. *See In the Matter of the Audie G. Leventhal Irrevocable Tr. Dated May 12, 2010*, Docket No. 82459 (Aug. 19, 2021, Order Dismissing Appeal in Part, Reinstating Briefing, and Directing Transmission of Record). Our order also indicated that if appellant Audie G. Leventhal did not retain new counsel, his appeal would proceed with Leventhal acting pro se. *Id.*

Leventhal did not retain new counsel, and he has since filed his Appellant's Informal Brief. Therein, he argues that the district court lacked jurisdiction over the Trust and erroneously awarded respondent attorney

fees.[1] Upon our review of the record, however, we conclude that Leventhal *in his personal capacity* is not aggrieved by any of the district court's challenged decisions. Rather, Leventhal's involvement in the underlying matter was based solely on his status as one of the Trust's trustees. As such, he cannot argue in pro se on behalf of the Trust that the district court lacked jurisdiction over the Trust. *See* NRAP 46A(b)(2) ("A corporation or other entity may not appear without counsel."). Similarly, both the district court's September 18, 2020, and January 19, 2021, orders awarding attorney fees to respondent specify that Leventhal is liable for those fees only in his capacity as a trustee of the Trust, that the fees are to be paid from the Trust's assets, and that Leventhal is not personally liable for those fees.[2]

Because Leventhal *in his personal capacity* is not aggrieved by either of those orders, we lack jurisdiction over this appeal insofar as Leventhal seeks to challenge them on appeal. *See Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 446, 874 P.2d 729, 734 (1994) (recognizing that this court has jurisdiction to entertain an appeal only when it is brought by an "aggrieved party" and that a party is aggrieved when a personal or property right is adversely affected (citing NRAP 3A(a)). And because the only

---

[1]Leventhal raises other arguments, but because they pertain to issues that are outside the scope of the underlying litigation, we do not address them.

[2]Although the September 18, 2020, order does not expressly state as much, that order was drafted by respondent. In respondent's November 29, 2020, district court filing, respondent represented to the district court that this was the intended effect of the order.

potentially aggrieved party—the Trust—has already been dismissed, there is no remaining issue for this court to resolve on appeal. *See Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010) (observing that this court's duty is to resolve actual controversies). Accordingly, we order the remainder of this appeal dismissed.

It is so ORDERED.[3]

_____, C.J.
Parraguirre

_____, J.
Herndon

_____, Sr.J.
Gibbons

cc:  Hon. Jessica K. Peterson, District Judge
Carolyn Worrell, Settlement Judge
Audie G. Leventhal
Goodsell Law Group
Eighth District Court Clerk

---

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

(O) 1947A

3