# IN THE SUPREME COURT OF THE STATE OF NEVADA

CITY OF BOULDER CITY, A NEVADA
MUNICIPAL CORPORATION; AND
BOULDER CITY FIRE DEPARTMENT,
A POLITICAL SUBDIVISION OF THE
STATE OF NEVADA,
Appellants,
vs.
BFE, LLC, A NEVADA LIMITED
LIABILITY COMPANY,
Respondent.

No. 81036

FILED

JUN 09 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF REVERSAL*

This is an appeal from a district court order granting a preliminary injunction, enjoining appellants from preventing respondent's use of a particular tank vehicle at the Boulder City Airport. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

At the Boulder City Municipal Airport (the Airport), "[t]ank cars and tank vehicles shall not be used as storage tanks." Int'l Fire Code § 5704.2.2 (2012); *see also* Boulder City Municipal Code § 6-1-1(B) (2017) (stating that the Boulder City Fire Code is based on the 2012 International Fire Code).[1] These twelve words are at the heart of this dispute: The Boulder City Fire Department (BCFD) determined that the way respondent

---

[1] We apply the version of the statute in effect in 2019, when the events giving rise to this suit took place.

22-18412

fixed-based operator BFE, LLC planned to use its newly purchased 10,000-gallon tank vehicle at the Airport would violate International Fire Code (IFC) Chapter 57 because the tank vehicle would be used to store fuel. Told to remove the tank vehicle from the property, BFE filed suit and sought, among other relief, a preliminary injunction against BCFD's and the City's enforcement of IFC § 5704.2.2 and IFC § 105.7.8(2) (2012) (requiring a construction permit to install, construct, or alter a tank vehicle) as arbitrary and capricious. The district court granted the preliminary injunction, and BCFD and the City appealed, asserting the district court abused its discretion. We agree and reverse.

Although the district court has discretion to grant or deny preliminary injunctive relief, we review its underlying factual determinations for clear error and substantial evidence and examine questions of law de novo. *Univ. & Cmty. Coll. Sys. of Nev. v. Nevadans for Sound Gov't*, 120 Nev. 712, 721, 100 P.3d 179, 187 (2004). And a party seeking a preliminary injunction "must show '(1) a likelihood of success on the merits; and (2) a reasonable probability that the non-moving party's conduct, if allowed to continue, will cause irreparable harm . . . .'" *Id.* (quoting *S.O.C., Inc. v. Mirage Casino-Hotel*, 117 Nev. 403, 408, 23 P.3d 243, 246 (2001)); *see also Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18*, 471 F.2d 872, 876 (6th Cir. 1972) (emphasizing that a preliminary injunction is the strong arm of equity, which should not be extended to cases that are doubtful or do not come within well-established principles of law). "In considering preliminary injunctions, courts also weigh the potential hardships to the relative parties and others,

and the public interest." *Univ. & Cmty. Coll. Sys. of Nev.*, 120 Nev. at 721, 100 P.3d at 187.

Here, the district court's conclusion as to BFE's likelihood of success on the merits rested on a mistaken application of IFC § 5704.2.2. The district court interpreted IFC § 5704.2.2 to mean that because *all* of BFE's tank vehicles perform some temporary storage functions, it would be incorrect for BCFD to characterize *any one* of BFE's tank vehicles as being used as a storage tank. That is to say, for the district court, either all of BFE's tank vehicles must be used as storage tanks, or none are. But the record discloses that BCFD was concerned about the specific ways that BFE intended to use its new tank vehicle, which, although mobile, has significantly greater storage capacity than the smaller tank vehicles BFE primarily uses to refuel aircraft. Specifically, it seemed to BCFD that BFE's goal was to avoid using the Airport fuel-storage facility that it had used for years by relying on its new tank vehicle to store fuel and dispense it to its other, smaller tank vehicles. This practice of using a large tank vehicle to keep fuel and dispense it to other smaller tank vehicles is different from using it to transport fuel to aircraft and directly refuel aircraft. And this difference in use undermines BFE's likelihood of success on the merits of its claim that BCFD was arbitrary and capricious in determining that BFE intended to use its tank vehicle as a storage tank, in violation of IFC § 5704.2.2. *See Boulder Oaks Cmty. Ass'n v. B & J Andrews Enters., LLC*, 125 Nev. 397, 403, 215 P.3d 27, 31 (2009) (providing that a preliminary injunction is available when the moving party enjoys "a reasonable likelihood of success on the merits"); *City Council of Reno v. Irvine*, 102 Nev. 277, 280, 721 P.2d 371, 372-73 (1986) (explaining that the essence of

arbitrary and capricious government action "is most often found in an apparent absence of any grounds or reasons for the decision").

Nor are we persuaded by BFE's argument that the subsequent 2021 passage of Boulder City Municipal Code § 9-4-8, exhibit A, section 3 (ordinance no. 1668), has rendered this case moot. Although the ordinance describes what a mobile refueler is,[2] it does not alter the applicability of IFC § 5704.2.2 at the Airport. *See Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010) (explaining that subsequent events may render a case moot). While the City Council could have passed a rule explaining the code section's applicability—a rule specifying, for example, that a tank vehicle with a capacity of 10,000 gallons or less, which is moved weekly, is presumed not to impermissibly store fuel—it did not. So, the 2021 ordinance does not affect the analysis above.

Moreover, we are unable to discern to what extent, if at all, the City and BCFD relied on IFC § 105.7.8 as a reason to restrain BFE's intended use of the tank vehicle. BFE was advised to obtain a permit pursuant to this code section; BFE duly applied and was turned down; but the record does not show that the City or BCFD then held BFE's failure to obtain a permit against it. Rather, it appears that from the beginning BCFD was concerned about BFE storing fuel in its new tank vehicle. As a result, BFE did not meet its burden of showing that an injunction as to

---

[2]Per that provision, a mobile refueler is "a mobile tender type vehicle having a cargo tank attached to the truck frame and designed for or used in the transportation and transfer or dispensing of fuel into or from an aircraft while on the Airport."

BCFD's enforcement of IFC § 105.7.8 would address an ongoing or reasonably probable future irreparable harm.

Finally, in granting the preliminary injunction, the district court equated potential loss of future goodwill with irreparable harm. But this was impermissibly speculative, given that BFE had never operated with the new tank vehicle before the City and BCFD prevented its use. This means that the preliminary injunction went beyond merely maintaining the status quo, extending its reach into the arena of preliminary injunctions that alter the status quo and are not lightly issued—certainly not considering the debate discussed above as to the facts and applicable law. *See, e.g., King v. Saddleback Junior Coll. Dist.*, 425 F.2d 426, 427 (9th Cir. 1970) (explaining that the district court abused its discretion because the "preliminary injunction went beyond the preservation of the then existing status quo and decreed that the applicants should be permitted to register in violation of the regulation and prior to a determination of its validity"); *cf.* 43A C.J.S. *Injunctions* § 21 (Supp. 2022) (collecting cases); 43A C.J.S. *Injunctions* § 23 (noting that "[m]andatory relief will be issued only in cases of extreme necessity, that is extraordinary, serious, great, or urgent"). Also not cast into the balance was the public interest in preventing what, to the City and BCFD at least, appeared to be a violation of the fire code with serious potential public safety consequences. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 26 (2008) (considering the overall public interest and the most serious possible injuries to each party).

For these reasons, and without opining as to discretionary-act immunity or the ultimate outcome of BFE's suit, *see Ctr. for Biological Diversity v. Salazar*, 706 F.3d 1085, 1090 (9th Cir. 2013) (explaining that

generally, "our decisions at the preliminary injunction phase do not constitute the law of the case") (internal quotation marks omitted), we ORDER the judgment of the district court REVERSED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

cc: Hon. Timothy C. Williams, District Judge
Thomas J. Tanksley, Settlement Judge
Dickinson Wright PLLC
Boulder City Attorney
Saltzman Mugan Dushoff
Eighth District Court Clerk