NATIONAL COLLEGIATE ATHLETIC ASSOCIATION AND WEST COAST ATHLETIC CONFERENCE, APPELLANTS, v. UNIVERSITY OF NEVADA, RENO, AND EDGAR JONES, RESPONDENTS.

No. 12303

February 24, 1981                                    624 P.2d 10

*Swanson, Midgley, Gangwere, Thurlo and Clarke,* and *James H. McClarney,* Kansas City; and *Wiener, Goldwater & Waldman,* Las Vegas, for Appellants.

---

[5]The Governor designated The Honorable Michael E. Fondi, District Judge, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const. art. 6, § 4.

*Larry D. Lessley,* Reno; and *Fahrenkopf, Mortimer, Sour-wine, Mousel & Sloane,* Reno, for Respondents.

## OPINION

*Per Curiam:*

Pursuant to directions from the appellant National Collegiate Athletic Association's Committee on Infractions, the respondent University of Nevada declared respondent Edgar Jones ineligible to compete in intercollegiate athletics. Consequently, in October of 1976, respondent Jones commenced an action challenging the University's action and, following a hearing, the court below entered a preliminary injunction in Jones' favor. Pending trial, pursuant to the injuction, Jones continued to play basketball as a member of the University's varsity team.

Several months after respondent Jones commenced his action, the appellant NCAA and appellant West Coast Athletic Conference sought and obtained leave to intervene as defendants; however, neither appellant alleged any counter-claims or cross-claims. By the time the case was brought on for trial, in August of 1979, respondent Jones had played out his athletic eligibility and had graduated from the University. Accordingly, based on these intervening events, the district court determined that Jones' two claims for relief had become moot. Rather than proceeding to trial, the court therefore dismissed the action. This appeal follows.

1. Of course, the duty of every judicial tribunal is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles of law which cannot affect the matter in issue before it. Miller v. West, 88 Nev. 105, 110, 493 P.2d 1332 (1972); Morrow v. Morrow, 62

Nev. 492, 497, 156 P.2d 827 (1945); City of Reno v. District Court, 58 Nev. 325, 328, 78 P.2d 101 (1938).

This court has frequently refused to determine questions presented in purely moot cases. *See, e.g.,* Pac. L. Co. v. Mason Val. M. Co., 39 Nev. 105, 153 P. 431 (1915). Cases presenting real controversies at the time of their institution may become moot by the happening of subsequent events. Wedekind v. Bell, 26 Nev. 395, 413-15, 69 P. 612 (1902); *Pac. L. Co.,* cited above. A moot case is one which seeks to determine an abstract question which does not rest upon existing facts or rights. *Id.*

2. Appellants contend that the instant matter is not moot because its fact situation is one "capable of repetition, yet evading review."[1] The district court determined, however, and we concur that "the present controversy is not likely to often recur where the result avoids review or trial on the merits."

Other assigned errors need not be considered.

Affirmed.

GUNDERSON, C. J., and MANOUKIAN, BATJER, and MOWBRAY, JJ., and YOUNG, D. J.,[2] concur.

---

[1]This court has not explicitly recognized a "capable of repetition, yet evading review" exception to our mootness doctrine. *But see* Cirac v. Lander, 95 Nev. 723, 734, 602 P.2d 1012 (1979).

[2]The Governor designated The Honorable Llewellyn A. Young, Judge of the Sixth Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, who was disqualified. Nev. Const., art. 6, § 4.