An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF DISCIPLINE OF RONALD N. SEROTA, BAR NO. 7904. | No. 57960 |
| IN THE MATTER OF DISCIPLINE OF RONALD SEROTA, BAR NO. 7904. | No. 59551 |
| IN THE MATTER OF DISCIPLINE OF RONALD SEROTA, BAR NO. 7904. | No. 60719 |

**FILED**

MAY 24 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

*ORDER OF DISBARMENT, DENYING PETITION FOR DISSOLUTION OF ORDER OF TEMPORARY SUSPENSION, AND DENYING PETITION FILED PURSUANT TO SCR 111*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Ronald N. Serota be disbarred from the practice of law in Nevada.[1] *See* SCR 105(3)(b). Serota misappropriated $319,000 in client funds that were to be used to satisfy a judgment in an SEC action against the client. He asks us to impose a lesser sanction, contending that because of mitigating factors, we should merely suspend him from the practice of law and/or refer him to a diversion program. On de novo review, we conclude that disbarment is the proper sanction.

---

[1]We temporarily suspended Serota from the practice of law pending the outcome of the instant disciplinary proceedings. *In re Discipline of Serota*, Docket No. 54856 (Order of Temporary Suspension, November 18, 2009).

13-15308

Serota's client was a defendant in an action by the SEC in federal court. In anticipation of a negotiated outcome in that case, the client paid Serota all of the monies due in advance, by way of fourteen checks totaling $319,901.59 written between July 2 and July 24, 2009, which were deposited in Serota's client trust account. Meanwhile, on July 16, 2009, a check from Serota's client trust account was written to Beverage Plus, a company in which Serota had an ownership interest, for $225,000. Serota continued to accept checks from the client until the client had paid him the entire amount of the anticipated judgment. Then on July 28, 2009, a check from Serota's trust account was written to Clean Path Resources, another company in which Serota had an interest, for $94,000.

On August 3, 2009, Serota's client signed a consent to entry of judgment, which was filed with the court on August 27, 2009. Pursuant to the signed consent, on September 25, 2009, final judgment was entered against Serota's client which ordered the client to, among other things, pay a total judgment of $319,901.59 within 10 business days. On October 7, 2009, two days before the judgment was to be paid, Serota admitted his misappropriations to the state bar.

Consequently, on December 29, 2009, the state bar filed a complaint against Serota alleging that his conduct violated RPC 1.15 (safekeeping property), RPC 3.4 (fairness to opposing party and counsel), and RPC 8.4 (misconduct). At the formal disciplinary hearing held January 13, 2011, the state bar put on evidence of Serota's misappropriations and of aggravating circumstances it alleged were present in this matter; the defense focused primarily on mitigating circumstances which it alleged were present. On February 14, 2011, the

panel found unanimously that Serota had violated RPC 1.15 and RPC 8.4. It recommended, by a 4-1 vote, that Serota be disbarred and ordered to pay costs of the proceedings.[2]

[2]Serota's motion to set aside the recommendation of disbarment by the board, filed July 7, 2011, is denied. The State Bar's motion to strike or, in the alternative, opposition to Serota's motion to set aside the recommendation of disbarment by the board, filed July 20, 2011, is therefore denied as moot.

Serota has communicated to this court by way of several letters addressed to the clerk of the court. He is admonished that any request for relief from this court must be presented by way of a formal, written motion, not by way of a letter addressed to the clerk of the court. *Weddell v. Stewart*, 127 Nev. ___, ___n.8, 261 P.3d 1080, 1085 n.8 (2011). In addition, Serota's briefs contain numerous factual assertions not supported by references to the record and references to facts which are outside the record altogether. This is improper and we must disregard such references. *See* NRAP 28(e)(1); SCR 105(3)(b); *Carson Ready Mix, Inc. v. First Nat'l Bank*, 97 Nev. 474, 476, 635 P.2d 276, 277 (1981). In addition, Serota has improperly attempted to supplement the record with exhibits not before the disciplinary panel, which we cannot consider and have therefore disregarded. *See* NRAP 10; NRAP 30(b); SCR 105(3)(b); *State, Dep't of Taxation v. Kelly-Ryan, Inc.*, 110 Nev. 276, 282, 871 P.2d 331, 336 (1994). We direct the clerk of this court to return, unfiled, the document entitled "Appellant's Exhibit Supplement to Reply Brief," provisionally received on October 19, 2011; we further direct the clerk of this court to strike Exhibits 1-6 from Appellant's Reply Brief filed October 21, 2011.

Finally, on August 4, 2011, appellant filed an opposition to respondent's motion to extend the time in which to file the answering brief. At the time the opposition was filed, the extension of time had already been granted. We therefore elect to treat appellant's opposition as a motion for reconsideration of our order granting the requested extension of time, and we deny it. *See* NRAP 31(b)(3)(B); SCR 105(3)(b).

We review a decision of a hearing panel recommending disbarment automatically. SCR 105(3)(b). The panel's findings must be supported by clear and convincing evidence. SCR 105(2)(e); *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Although persuasive, the panel's findings and recommendations are not binding on us. *In re Discipline of Droz*, 123 Nev. 163, 168, 160 P.3d 881, 884 (2007). Our review is conducted de novo, requiring us to exercise independent judgment to determine whether and what type of discipline is warranted. SCR 105(3)(b); *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992). The paramount objective of attorney disciplinary proceedings is "to protect the public from persons unfit to serve as attorneys and to maintain public confidence in the bar as a whole." *State Bar of Nevada v. Claiborne*, 104 Nev. 115, 129, 210, 219, 756 P.2d 464, 473, 526, 533 (1988). In determining the proper disciplinary sanction, we consider four factors: (1) the duty violated, (2) the lawyer's mental state, (3) the potential or actual injury caused by the lawyer's misconduct, and (4) the existence of aggravating or mitigating circumstances. *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

We conclude that the panel's findings are supported by clear and convincing evidence. Serota concedes that he violated RPC 1.15. Serota's client turned over money to him which was to be paid to the SEC to satisfy a judgment against the client, but instead of safeguarding those funds, Serota misappropriated them for his own purposes. He therefore failed in his duties to safekeep his client's property. Serota also concedes that he violated RPC 8.4(c). In addition to misappropriating the client's funds for his own purposes, he allowed the client to sign the consent to

SUPREME COURT
OF
NEVADA

(O) 1947A

4

entry of judgment despite knowing that he had already misappropriated the money intended to satisfy the judgment. He therefore engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation. Therefore, clear and convincing evidence supports the panel's findings that Serota violated RPC 1.15 and 8.4.[3]

We further conclude that, considering the four *Lerner* factors, disbarment is the appropriate disciplinary sanction in this case. Serota's conduct in this matter violated duties to his client, the profession, and the public. We conclude that his conduct was intentional and caused actual injury to his client. The egregiousness of his actions alone justifies disbarment. *See* American Bar Association Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, at 429 (2010 ed.) (disbarment generally appropriate when lawyer knowingly converts client property causing injury or potential injury).

The presence of aggravating circumstances further supports this conclusion. *See* SCR 102.5(1). One such circumstance is that Serota has a prior disciplinary offense.[4] SCR 102.5(1)(a). In addition, we agree with the state bar that his conduct evinces a dishonest or selfish motive. SCR 102.5(1)(b). Furthermore, there was a pattern of misconduct where,

---

[3]Because clear and convincing evidence supports the panel's findings regarding these rules of professional conduct, we need not consider the parties' remaining arguments regarding RPC 3.4 or subsection (d) of RPC 8.4.

[4]On August 18, 2008, Serota received a letter of reprimand for having violated RPC 1.1 (competence), RPC 3.1 (meritorious claims and contentions), and RPC 5.5 (unauthorized practice of law).

prior to each misappropriation, Serota accepted several payments from the client beforehand, and hid his misconduct afterwards until its discovery was imminent. SCR 102.5(1)(c). Finally, Serota concedes that he committed multiple offenses. SCR 102.5(1)(d). Even if Serota's conduct did not by itself warrant disbarment, the presence of these aggravating circumstances would justify an increase in the degree of discipline to be imposed. SCR 102.5(1).

We further conclude that, although there are some mitigating circumstances present in this case, they do not justify a reduction in the degree of discipline to be imposed. SCR 102.5(2). To begin, Serota's contention that there is an absence of a dishonest or selfish motive is belied by his conduct. SCR 102.5(2)(b). In addition, though his medical condition may have contributed to personal or emotional problems, we conclude that these mitigating circumstances are insufficient to warrant a reduction in discipline in light of the egregiousness of his misconduct. SCR 102.5(2)(c), (h). We further conclude that his claimed mental disabilities are largely uncorroborated and, in any case, he failed to establish a causal connection between them and his misconduct. SCR 102.5(2)(i). Although he was cooperative and self-reported, SCR 102.5(2)(e), discovery of his misconduct was imminent and thus this does not warrant a reduction in discipline. We conclude that Serota's claimed rehabilitation is not supported by the record. SCR 102.5(2)(k). We further conclude that he failed to demonstrate genuine remorse, and instead on appeal attempts to blame the victim. SCR 102.5(2)(m). Finally, his claims of having done pro bono and other work to benefit the profession and the community are largely unsubstantiated, and in any case would not

warrant a reduction in discipline in light of the seriousness of his misconduct. SCR 102.(5)(2).

Accordingly, Serota is hereby disbarred from the practice of law in this state.[5] Serota shall pay costs of the disciplinary proceedings in the amount of $2,142.75 within 30 days from the date of this order. Serota and the state bar shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.



_____, C.J.
Pickering

_____, J.     _____, J.
Gibbons                 Hardesty

_____, J.     _____, J.
Parraguirre             Douglas

_____, J.     _____, J.
Cherry                  Saitta

[5]In light of this disposition, the other matters currently pending before this court regarding Serota have been rendered moot. *Personhood Nevada v. Bristol*, 126 Nev. ___, ___, 245 P.3d 572, 574 (2010); *NCAA v. University of Nevada*, 97 Nev. 56, 57, 624 P.2d 10, 10 (1981). We therefore deny Serota's petition for dissolution of our order temporarily suspending him from the practice of law as moot. *In re Discipline of Serota*, Docket No. 60179 (Petition for Dissolution of Temporary Suspension, April 24, 2012). Likewise, we deny the state bar's petition regarding Serota's felony conviction as moot. *In re Discipline of Serota*, Docket No. 59551 (Petition of Bar Counsel Pursuant to Reporting Requirements of SCR 111(4)).

cc:     Ronald N. Serota
        David Clark, Bar Counsel
        Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Board
        Kimberly K. Farmer, Executive Director, State Bar of Nevada
        Perry Thompson, Admissions Office, United States Supreme Court