An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DALLAS T. BOYER,
Appellant,
vs.
LINDSIE NEWMAN,
Respondent.

No. 64743

FILED

JAN 15 2015

*ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order concerning child custody and support. First Judicial District Court, Carson City; James Todd Russell, Judge.

On December 12, 2013, the district court entered an order providing that appellant and respondent would share joint legal and physical custody of their minor child. Because respondent was incarcerated at the time, the order further provided that respondent's parents, the Newmans, would exercise her custodial rights while she was incarcerated. The order also stated that it would remain in effect as long as respondent was incarcerated and that upon her release, any party could petition to modify the order. Appellant was directed to pay child support of $100 per month.

Appellant moved for reconsideration and argued that the provision allowing the Newmans to exercise respondent's custodial rights interfered with appellant's fundamental right to parent his child. Thus, appellant requested that he be awarded primary physical custody until respondent was free from incarceration and able to care for the child, that the parties be awarded joint legal custody, that appellant's child support

obligation be eliminated, and that the court reaffirm that the Newmans are not parties to the case and have no standing.

On December 23, 2013, the district court entered an order denying appellant's motion for reconsideration and noting that respondent had been released from incarceration. The court determined that appellant's request for primary custody while respondent was incarcerated had been rendered moot. The court also determined that appellant's request for joint legal custody had also been rendered moot because the December 12 order had granted the parties joint legal and physical custody. Finally, the district court determined that it was appropriate for appellant to pay child support. This appeal followed.

On appeal, appellant contends that the district court infringed upon his parental rights by allowing the Newmans to exercise respondent's custodial rights during her incarceration without a finding that appellant was unfit. Appellant also contends that contrary to the district court's findings in its December 23 order, respondent was not released from incarceration until January 2014. Thus, appellant requests an order awarding him full custody, eliminating his child support obligation, and barring the Newmans from any further attempts to obtain custodial rights.

Having reviewed the record on appeal, we conclude that the district court properly determined that appellant's challenge to the custodial arrangement involving the Newmans was rendered moot once respondent was released from incarceration. The court may not "'give opinions upon moot questions or abstract propositions, or . . . declare principles of law which cannot affect the matter in issue before it.'" *Univ. & Cmty. Coll. Sys. of Nev. v. Nevadans for Sound Gov't*, 120 Nev. 712, 720,

100 P.3d 179, 186 (2004) (quoting *NCAA v. Univ. of Nev., Reno*, 97 Nev. 56, 57, 624 P.2d 10, 10 (1981)). A case that initially presents a live controversy may be rendered moot by subsequent events. *Personhood Nev. v. Bristol*, 126 Nev. ___, ___, 245 P.3d 572, 574 (2010). Under the December 12, 2013, order, appellant and respondent share joint legal and physical custody of the minor child upon respondent's release from incarceration. To the extent that appellant seeks clarification of, or a modification to the district court's order, such a request is more appropriately directed to the district court in the first instance.[1]

Finally, we conclude that the district court did not abuse its discretion in ordering appellant to pay $100 per month in child support, which constitutes the statutory minimum amount of support. *See* NRS 125B.080(4); *Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (providing that matters of child support are within the district court's sound discretion). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.          _____, J.
Douglas                                  Cherry

---

[1]Appellant's additional arguments concerning venue and disqualification of the district judge should also be directed to the district court.

cc: Hon. James Todd Russell, District Judge
Dallas Tayler Boyer
Lindsie Newman
Carson City Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A