# IN THE SUPREME COURT OF THE STATE OF NEVADA

JEFFREY CHURCH,
Appellant,
vs.
WASHOE COUNTY; WASHOE
COUNTY BOARD OF
COMMISSIONERS; LUANNE CUTLER;
AND THE COALITION TO SAVE OUR
SCHOOLS,
Respondents.

No. 71884

FILED

JAN 1 8 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order denying a petition for judicial review in a ballot matter. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge. Appellant Jeffrey Church brings this appeal against respondents Washoe County, Washoe County Board of County Commissioners, Luanne Cutler, in her official capacity as Washoe County Registrar of Voters (collectively, Washoe County), and The Coalition to Save Our Schools (Coalition), challenging the district court's dismissal of his petition for judicial review.

Pursuant to NRS 295.121, an election statute that applies to county ballot questions, Church was appointed in April 2016 a member of the committee organized to write the argument and rebuttal argument against ballot measure WC-1. WC-1 is legislation that increases sales tax for the purpose of raising funds to improve and build more schools in Washoe County. The registrar of voters and the board have several duties pursuant to NRS 295.121 regarding finding, recommending, and appointing

18-02575

committee members. The registrar also sets the rules for committee submissions and deadlines. Church and his fellow committee member, Tracy Figler, could not agree on a unified rebuttal argument, so they each submitted their own rebuttal. In August 2016, Cutler rejected the multiple submissions, clarified that she would only accept one rebuttal argument, and extended the deadline for Church's committee to submit a unified rebuttal. However, they never submitted a unified rebuttal argument, and no rebuttal was included on the ballot.

On September 6, 2016, Church filed his petition for judicial review to challenge Cutler's actions in creating the committee and her decision to reject his and Figler's rebuttals. Church requested the district court to invalidate and nullify the ballot measure, and to enter an injunction prohibiting a rebuttal supporting the argument from being placed on the ballot. On October 3, 2016, Church moved the district court for an expedited hearing on his petition, and the district court held the hearing on October 21, 2016. By the time of the hearing in the district court, absentee and military ballots had been printed and distributed, and early voting was due to begin the following day. The district court denied Church's petition for judicial review, and WC-1 was passed by the voters in the election held on November 8. Church filed the instant appeal on December 6, after the election concluded.

On appeal, the Coalition argues that this issue is moot because the 2016 election has concluded, and thus, we cannot grant effective relief. Church asserts that this matter falls into the mootness exception for matters capable of repetition yet evading review, and he asks this court to invalidate WC-1. We agree with the Coalition.

Our duty "is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles of law which cannot affect the matter in issue before it." *NCAA v. Univ. of Nev.*, 97 Nev. 56, 57, 624 P.2d 10, 10 (1981). However, even when an appeal is moot, we may review a matter that is of "widespread importance that is capable of repetition, yet evading review." *Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010). The proponent of this mootness exception "must demonstrate that (1) the duration of the challenged action is relatively short, (2) there is a likelihood that a similar issue will arise in the future, and (3) the matter is important." *Bisch v. Las Vegas Metro. Police Dep't*, 129 Nev. 328, 334-35, 302 P.3d 1108, 1113 (2013).

Church's challenge to WC-1 was rendered moot once the 2016 general election concluded. While Church's petition for judicial review originally sought to invalidate the ballot measure, we will not provide such relief post-election. *See Miller v. Burk*, 124 Nev. 579, 598, 188 P.3d 1112, 1125 (2008) (determining that "[t]his sort of procedural challenge is ripe for judicial review preelection, before the ballot question is presented to the voters, since the question to be resolved is whether [the] proposal has satisfied all constitutional and statutory requirements for placement on the ballot") (second alteration in original) (internal quotation marks omitted)). We further conclude that Church has failed to demonstrate that this matter is capable of repetition, yet evading review. *See Personhood Nev.*, 126 Nev. at 602-04, 245 P.3d at 574-75. We have previously noted that, although the time frame for challenging ballot initiatives might be relatively short, the district court and this court can expedite and resolve those challenges before they become moot, thus providing the challengers with the means to obtain

(O) 1947A

review in that time frame. *Id.* at 604, 245 P.3d 575. Given Church's delay in requesting the district court to expedite the hearing on his challenge, and his failure to seek appellate review until after the 2016 election concluded, he fails to demonstrate that his challenge to WC-1 could not have been resolved before it became moot. We therefore conclude that this matter has been rendered moot by the conclusion of the 2016 election and is not capable of repetition, yet evading review, and thus, we dismiss the appeal.

It is so ORDERED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Scott N. Freeman, District Judge
David Wasick, Settlement Judge
Sahara Legal Group
William R. Kendall
McDonald Carano LLP/Reno
Washoe County District Attorney/Civil Division
Washoe District Court Clerk