134 Nev., Advance Opinion 18

IN THE SUPREME COURT OF THE STATE OF NEVADA

JASON KING, P.E., NEVADA STATE
ENGINEER, DIVISION OF WATER
RESOURCES, DEPARTMENT OF
CONSERVATION AND NATURAL
RESOURCES,
Appellant,
vs.
RODNEY ST. CLAIR,
Respondent.

No. 70458

FILED

MAR 29 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order resolving a petition for judicial review in a water rights matter. Sixth Judicial District Court, Humboldt County; Steven R. Kosach, Senior Judge.

*Affirmed.*

Adam Paul Laxalt, Attorney General, and Justina A. Caviglia, Deputy Attorney General, Carson City,
for Appellant.

Taggart & Taggart, Ltd., and Paul G. Taggart and Rachel L. Wise, Carson City,
for Respondent.

---

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, STIGLICH, J.:

This case concerns respondent Rodney St. Clair's entitlement to water rights connected to a property that he purchased in 2013. Upon

finding an abandoned well on the property, St. Clair applied to the State Engineer for a permit to temporarily change the point of diversion of the underground water source from that well to another location on his property. To support that application, St. Clair submitted a Proof of Appropriation, in which he claimed that a prior owner of the property had established a vested right to the underground water source. In ruling on St. Clair's application for a temporary permit, the State Engineer found that a prior owner had indeed established a right to appropriate underground water, but a subsequent owner abandoned that right through years of nonuse. Upon St. Clair's petition for judicial review, the district court overruled the State Engineer's decision, finding insufficient evidence that any owner of the property intended to abandon the property's water right. We affirm because nonuse evidence alone was insufficient to support a finding of an intent to abandon.

## FACTS AND PROCEDURAL HISTORY

In 2013, Rodney St. Clair purchased real property in Humboldt County, Nevada. Upon finding remnants of a well casing on the property, St. Clair filed two documents with the State Engineer. The first was a Proof of Appropriation, in which St. Clair claimed a pre-1939 vested right to appropriate underground water. The second was an application for a permit to temporarily change the place of diversion of that water.

To support his Proof of Appropriation, St. Clair submitted documents establishing that the property in question was first acquired by George Crossley in 1924 pursuant to the Homestead Act of 1862. Several months later, Crossley deeded the land, with all appurtenances, to Albert H. Trathen. The Trathen family maintained ownership over the property

until 2013, when St. Clair bought it. All property taxes were paid from 1924 to the present.

St. Clair's documentation also included Crossley's 1924 land patent application, in which Crossley indicated that a drilled well existed on the property. St. Clair submitted pictures of remnants of the well existing on the property in 2013. By that time, the well had become inoperable, and St. Clair admitted in his application that the land had not been irrigated recently and that he did not know when it was last irrigated.

In ruling on St. Clair's application, the State Engineer found sufficient evidence that Crossley had appropriated underground water and put it to beneficial use prior to March 25, 1939, thus vesting a pre-statutory right to appropriate underground water pursuant to NRS 534.100.[1] However, the State Engineer also found that the water was not used continuously from 1924 to the present and that there was "no evidence pointing to a *lack* of prior owners' intent to abandon the water right." Based on those findings, the State Engineer concluded that the vested water right had been abandoned. The State Engineer therefore denied St. Clair's application seeking a temporary change of place of diversion on the basis that no appropriated water was available.

St. Clair petitioned for judicial review. While the district court accepted the State Engineer's findings that the well was inoperable and that water had not been put to beneficial use for some time, the court reasoned "that non-use of the water is not enough to constitute abandonment" of a water right. The district court noted that the property contained no improvements inconsistent with irrigation and the evidence indicated that

---

[1]The State Engineer appears to have erroneously cited to NRS 534.080(1) instead of NRS 534.100.

all taxes and assessments on the property were paid from Crossley's time up until the present. Thus, the district court overruled the State Engineer's abandonment finding as being unsupported by substantial evidence and ordered the State Engineer to grant St. Clair's application for a permit to change the place of diversion. The State Engineer appeals.

## DISCUSSION

When this court reviews a district court's order reversing an agency's decision, we apply the same standard of review that the lower court applied: we determine whether the agency's decision was arbitrary or capricious. *See Pyramid Lake Paiute Tribe of Indians v. Washoe Cty.*, 112 Nev. 743, 751, 918 P.2d 697, 702 (1996). According to that standard, factual findings of the State Engineer should only be overturned if they are not supported by substantial evidence. *See id.* Substantial evidence is "that which a reasonable mind might accept as adequate to support a conclusion." *Bacher v. Office of the State Eng'r*, 122 Nev. 1110, 1121, 146 P.3d 793, 800 (2006) (internal quotation marks omitted). We review purely legal questions de novo. *See In re Nev. State Eng'r Ruling No. 5823*, 128 Nev. 232, 238-39, 277 P.3d 449, 453 (2012).

*The State Engineer misapplied Nevada law in finding that nonuse alone established a prior owner's intent to abandon water rights*

"A right to use underground water . . . may be lost by abandonment." NRS 534.090(4) (2011).[2] The party asserting abandonment "bears the burden of proving, by clear and convincing evidence," that an owner of the water right intended to abandon it and took actions consistent

---

[2]NRS 534.090 has been amended twice since 2013, when the State Engineer ruled on St. Clair's application. *See* 2017 Nev. Stat., ch. 147, § 1, at 656-58; 2017 Nev. Stat., ch. 517, § 9, at 3505-07. We cite to the version of NRS 534.090 in effect in 2013.

with that intent. *See Town of Eureka v. Office of the State Eng'r*, 108 Nev. 163, 169, 826 P.2d 948, 952 (1992). Clear and convincing evidence "is beyond a mere preponderance of the evidence." *See Albert H. Wohlers & Co. v. Bartgis*, 114 Nev. 1249, 1260 n.4, 969 P.2d 949, 957 n.4 (1998) (internal quotation marks omitted); *see also In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995) (clear and convincing evidence "need not possess such a degree of force as to be irresistible, but there must be evidence of tangible facts from which a legitimate inference . . . may be drawn" (internal quotation marks omitted)).

The State Engineer's primary argument is that the district court erroneously focused on St. Clair when it found insufficient evidence of an intent to abandon the water right connected to the property. The relevant intent, the State Engineer claims, is that of the previous landowners who allowed the well to fall into disrepair and failed to put the water to beneficial use.

The State Engineer is correct that, assuming a prior owner has taken actions consistent with abandonment, it is that owner's intent that controls. Otherwise, water rights could be abandoned by one property owner and then revived 50 years later by a subsequent owner, potentially resulting in over-appropriation of water. *See Haystack Ranch, LLC v. Fazzio*, 997 P.2d 548, 554 (Colo. 2000) ("[S]ubsequent efforts by current owners to put water rights to beneficial use cannot revive water rights already abandoned by previous owners.").

The question is what constitutes sufficient evidence of a prior owner's intent to abandon. The State Engineer argues that decades of nonuse were sufficient to establish that a prior owner intended to abandon the water right.

Contrary to the State Engineer's argument, however, "Nevada law does not presume abandonment of a water right from nonuse alone." *United States v. Alpine Land & Reservoir Co.*, 510 F.3d 1035, 1038 (2007); *see also Revert v. Ray*, 95 Nev. 782, 786, 603 P.2d 262, 264 (1979) ("Abandonment, requiring a union of acts and intent, is a question of fact to be determined from all the surrounding circumstances."); *Franktown Creek Irrigation Co., Inc. v. Marlette Lake Co.*, 77 Nev. 348, 354, 364 P.2d 1069, 1072 (1961) ("[I]t is necessary to establish the owner's intention to abandon and relinquish such right before an abandonment can be found."); *Barry v. Merickel Holding Corp.*, 60 Nev. 280, 290, 108 P.2d 311, 316 (1940) ("[I]n abandonment the intent of the water user is controlling. To substitute and enlarge upon that by saying that the water user shall lose the water by failure to use it for a period of five years, irrespective of the intent, certainly takes away much of the stability and security of the right to the continued use of such water.").

In this case, an extended period of nonuse is evidenced by the property's inoperable well and unirrigated land. However, that nonuse evidence alone does not shift the burden to St. Clair to prove an intent *not* to abandon the water right.[3] To shift the burden on this issue, the State Engineer would have to show additional evidence indicating an intent to abandon—for example, evidence that an owner made improvements to the land inconsistent with irrigation, or evidence that the owner failed to pay property taxes during the period of nonuse. *See Revert*, 95 Nev. at 786, 603

---

[3]To the extent that *Alpine Land* suggests that nonuse evidence constitutes "some evidence of abandonment" that shifts the burden to the applicant, we reject that interpretation of Nevada law. *See* 510 F.3d at 1038, 1038 n.5.

P.2d at 264 (considering "delinquent taxes" as evidence supporting a finding of abandonment). We find no such evidence in this record.

Considering "all the surrounding circumstances," *id.*, there is not clear and convincing evidence that St. Clair's predecessor intended to abandon the water right. In concluding otherwise, the State Engineer misapplied Nevada law by presuming abandonment based on nonuse evidence alone. In so doing, the State Engineer acted arbitrarily and capriciously. Therefore, the district court correctly overruled the State Engineer's ruling with regard to abandonment.

*The State Engineer's additional claims lack merit*

The State Engineer makes several additional claims. First, the State Engineer argues that the district court exceeded its authority when it ordered the State Engineer to grant St. Clair's temporary application, rather than remanding to the State Engineer to consider factors other than abandonment. Given that the temporary application expired on June 10, 2017, this issue is moot, and we decline to address it.[4] *See Nat'l Collegiate Athletic Ass'n v. Univ. of Nev., Reno*, 97 Nev. 56, 58, 624 P.2d 10, 11 (1981).

Second, the State Engineer argues that the district court abused its discretion by expanding the record on review. In particular, the State Engineer argues that the court erred in granting a request from St. Clair to take judicial notice of legal briefs and prior State Engineer decisions in unrelated matters. In so doing, the State Engineer argues, the district

---

[4]By contrast, the issue of abandonment addressed above is not moot because the State Engineer's abandonment ruling remains in effect. At least as of November 7, 2017, St. Clair had another application to change the place of diversion pending before the State Engineer. The State Engineer's ruling of abandonment on St. Clair's Proof of Appropriation would have required that application to be rejected.

court went beyond determining "whether substantial evidence *in the record* supports the State Engineer's decision." *Revert,* 95 Nev. at 786, 603 P.2d at 264 (emphasis added). However, this issue is not properly before us because the State Engineer failed to preserve it with its opposition filed five months after St. Clair's request for judicial notice. The district court properly denied that opposition as untimely. *See* D.C.R. 13(3) (requiring written opposition to be filed within ten days of service of the opposing party's motion). We therefore decline to address this issue. *Archon Corp. v. Eighth Judicial Dist. Court,* 133 Nev., Adv. Op. 101, 407 P.3d 702, 708 (2017) (noting that this court may decline to consider issues improperly presented to the district court).

Third and last, the State Engineer argues that the district court violated NRCP 52 by adopting in full an order drafted by St. Clair. Prior to approving St. Clair's drafted order, the district court held a hearing to consider the State Engineer's objections to specific language within that order. That the district court found those objections unpersuasive does not mean that the court neglected its duty to make factual findings. It is common practice for Clark County district courts to direct the prevailing party to draft the court's order. *See* EDCR 1.90(a)(5) ("[A] judge or other judicial officer shall order the prevailing party to prepare a written judgment and findings of fact and conclusions of law.").

## *CONCLUSION*

An extended period of nonuse of water does not in itself establish clear and convincing evidence that a property owner intended to abandon a water right connected to the property. In this case, there was no additional evidence indicating an intent to abandon, so the State Engineer's

finding of abandonment was unsupported by substantial evidence. Therefore, we affirm the district court's decision.

_____, J.
 Stiglich

We concur:

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre