# IN THE SUPREME COURT OF THE STATE OF NEVADA

KIRK ROSS HARRISON,
Appellant,
vs.
VIVIAN MARIE LEE HARRISON,
Respondent.

No. 72880

**FILED**

APR 25 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from various post-decree orders concerning child custody. Eighth Judicial District Court, Family Court Division, Clark County; Bryce C. Duckworth, Judge.

In 2012, appellant Kirk Harrison and respondent Vivian Harrison entered into a joint custody agreement governing their equal time share with their two minor daughters. By the time of this appeal, their older daughter had reached the age of 18, and their younger daughter is now 15 years old. Both parties describe the extensive child custody disputes and litigation that have occurred since the parties settled on the joint custody agreement. The custody agreement included a "teenage discretion" provision, which allowed the children, upon reaching the age of 14, to elect to spend more time with either parent. This provision has been the basis for several disputes between the parties since their older daughter reached age 14 and began spending more time with Vivian. Kirk challenged the teenage discretion provision as violating public policy, and we upheld that provision in *Harrison v. Harrison*, 132 Nev., Adv. Op. 56, 376 P.3d 173, 174 (2016).

After our disposition in *Harrison*, Kirk again challenged the teenage discretion provision in the district court in regard to the parties'

18-15718

older daughter, arguing that the provision had been abused in violation of our holding in *Harrison* that essentially resulted in Vivian having sole custody of the parties' older daughter. Kirk also challenged the teenage discretion provision with regard to their younger daughter, arguing that the district court should nullify the teenage discretion provision to ensure that his relationship with his younger daughter did not decline as his relationship had with his older daughter. The district court held evidentiary hearings on January 18, 2017, and February 1, 2017, to implement "a plan to strengthen the relationship between the parties' [older] daughter . . . and [Kirk]." The district court entered two orders following those hearings, and Kirk appeals both orders.

In the first order, entered March 15, 2017, the district court declined to reach the issue regarding the teenage discretion clause because Kirk had filed the motion requesting the court to nullify the provision prior to their younger daughter reaching the age of 14. Thus, the district court concluded that "[t]he facts cited by [Kirk] in his papers are not sufficient for this [c]ourt to yet again revisit or strike this provision and his request should be denied." In the second order, entered July 24, 2017, the district court stated that Kirk's "motion regarding teenage discretion is taken under advisement and the [c]ourt will issue a separate [o]rder." The district court further ordered Vivian to submit an affidavit responding to Kirk's "very specific factual allegations about what happened in the past week (prior to February 1, 2017)" regarding the parties' younger daughter. While Vivian submitted an affidavit on February 14, 2017, the district court struck several paragraphs from the affidavit as being outside the scope of the court's order. The district court again ordered Vivian to submit an affidavit as directed in its order. It does not appear from the record on appeal that a

subsequent affidavit or order was filed regarding the teenage discretion provision.

On appeal, Kirk argues that the district court failed to enforce the parties' parenting agreement, did not enforce *Harrison*, and erred in refusing to nullify the teenage discretion provision. Kirk asks this court to strike the teenage discretion provision from the parties' parenting agreement and determine that the teenage discretion provision, the parenting coordinator provision, and the child therapy provision are contrary to the best interests of the children and public policy.[1]

"This court's duty is not to render advisory opinions but, rather, to resolve actual controversies by an enforceable judgment." *Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010). "A moot case is one which seeks to determine an abstract question which does not rest upon existing facts or rights." *NCAA v. Univ. of Nev., Reno*, 97 Nev. 56, 58, 624 P.2d 10, 11 (1981). "Cases presenting real controversies at the time of their institution may become moot by the happening of subsequent events." *Id*. Cases must also be ripe for judicial review. We have previously determined that

> ripeness focuses on the timing of the action rather than on the party bringing the action. . . . The factors to be weighed in deciding whether a case is ripe for judicial review include: (1) the hardship to

---

[1]Kirk also asks that we revisit our decision in *Harrison v. Harrison*, 132 Nev., Adv. Op. 56, 376 P.3d 173 (2016). However, "under the doctrine of *stare decisis*, we will not overturn [precedent] absent compelling reasons for so doing." *Miller v. Burk*, 124 Nev. 579, 597, 188 P.3d 1112, 1124 (2008) (footnote omitted). We conclude that Kirk has not met this standard as he neither argues principles of stare decisis, nor does he demonstrate compelling reasons for this court to overrule *Harrison*.

the parties of withholding judicial review, and (2)
the suitability of the issues for review.

*Herbst Gaming, Inc. v. Heller*, 122 Nev. 877, 887, 141 P.3d 1224, 1230-31 (2006) (alteration in original) (internal quotation omitted).

We conclude that the issues pertaining to the parties' older daughter are moot as she is now 18. Thus, we cannot provide relief by an enforceable judgment.

We also conclude that the issues regarding the parties' younger daughter are not justiciable as the district court has not yet decided whether to nullify the teenage discretion provision. At the February 1, 2017, evidentiary hearing the district court specifically stated,

> [G]iven the fact that there are some very specific factual allegations about what happened in the past week with respect to [the parties' younger daughter] . . . I want . . . an affidavit submitted on [Vivian]'s behalf with respect to those specific items of this past week in regards to the teenage discretion provision.

In its July 24, 2017, order, the district court again stated, "[Vivian] is to submit an affidavit . . . in response to [Kirk]'s very specific factual allegations about what happened . . . with respect to [the parties' younger daughter]." Moreover, the district court noted that it would enter a separate order regarding that issue. Our review of the district court's docket does not disclose any further hearings or orders on this matter. Therefore, it appears Kirk will not suffer hardship because the district court has yet to decide the issue, and the record to this point demonstrates that the parties have been sharing equal custody of their younger daughter pursuant to

SUPREME COURT
OF
NEVADA

(O) 1947A

their custody agreement.[2]  Further, the issues are not suitable for review because there are no established facts,[3] and there has been no judicial determination regarding nullification of the teenage discretion provision.[4]

For these reasons, we affirm the district court's orders entered on March 15, 2017, and July 24, 2017.

_____, C.J.
Douglas

_____, J.
Pickering

_____, J.
Hardesty

---

[2]Nothing in Kirk's reply suggests anything to the contrary.

[3]The district court specifically noted that the evidentiary proceedings should only cover issues involving the parties' older daughter.  The district court explained, "I understand we've had some discussion about the issues pertaining to [the younger daughter], but that's not the purpose for scheduling the evidentiary hearing."

[4]While during one of the evidentiary hearings the parties discussed whether the older daughter's therapy sessions should be kept confidential from her parents, we note that Kirk argues for the first time on appeal that the therapy provision is void because it violates public policy and the parenting coordinator provision is unenforceable as the provision leaves material terms of the parties' agreement uncertain.  We decline to address these arguments as Kirk did not argue them to the district court. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

cc:    Hon. Bryce C. Duckworth, District Judge, Family Court Division
Ara H. Shirinian, Settlement Judge
Kirk R. Harrison
Lemons, Grundy & Eisenberg
Silverman, Kattelman, Springgate, Chtd.
Radford J. Smith, Chartered
Eighth District Court Clerk