134 Nev., Advance Opinion 43

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DAVID HARRISON DEGRAW, Petitioner, vs. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE LINDA MARQUIS, DISTRICT JUDGE, Respondents, and MISTY JO DEGRAW, Real Party in Interest. | No. 72528 **FILED** MAY 31 2018 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |

Original petition for writ of mandamus or prohibition challenging a district court order finding NRS 1.310 unconstitutional.

*Petition denied.*

Nevada Family Law Group and Keith F. Pickard, Henderson,
for Petitioner.

Ghandi Deeter Blackham and Brian E. Blackham and Nedda Ghandi, Las Vegas,
for Real Party in Interest.

Legislative Counsel Bureau Legal Division and Brenda Erdoes, Legislative Counsel, and Kevin C. Powers, Chief Litigation Counsel, Carson City,
for Amicus Curiae Legislative Counsel Bureau.

---

BEFORE THE COURT EN BANC.

## OPINION

By the Court, HARDESTY, J.:

In the underlying dispute, petitioner David Degraw moved the district court for the continuance of a custody hearing pursuant to Nevada's legislative continuance statute, NRS 1.310, because his attorney was a member of the Nevada State Assembly, and the 2017 legislative session was due to begin. NRS 1.310(1) provides:

> If a party to any action or proceeding in any court or before any administrative body is a member of the Legislature of the State of Nevada, or is President of the Senate, that fact is sufficient cause for the adjournment or continuance of the action or proceeding, including, without limitation, any discovery or other pretrial or posttrial matter involved in the action or proceeding, for the duration of any legislative session.

Real party in interest Misty Degraw opposed David's request for a continuance, arguing that NRS 1.310 was unconstitutional because it violated the separation of powers doctrine. Misty requested an evidentiary hearing, contending that there was an emergency and she was at risk of irreparable harm because David was withholding the children from her. The district court granted David's motion for a continuance, but also ordered an evidentiary hearing for a date during the legislative session. The district court further concluded that NRS 1.310 was unconstitutional under the separation of powers doctrine.

While the parties ask us to decide the constitutionality of NRS 1.310, we decline to do so as the custody issues between the parties have been resolved, and therefore, we conclude that this case is moot. Additionally, we conclude that the interpretation of NRS 1.310 does not fall

within the exception to the mootness doctrine for cases that are capable of repetition yet evading review. Accordingly, we deny the writ petition.

## FACTS AND PROCEDURAL HISTORY

In November 2016, Misty filed a complaint for divorce against David. The district court set a case management conference and mediation for January 2017, and Misty filed a motion requesting an order for temporary custody, child support, and attorney fees. Misty alleged she and David orally agreed to a custody agreement when she moved out of the marital residence and that David was not upholding his end of the agreement because he was wrongfully withholding the children from her. Misty further argued that David's "cruel and divisive conduct [wa]s taking a toll on the children." David filed a motion to continue the hearing for temporary custody and support orders pursuant to NRS 1.310, requesting that the district court stay further litigation until after the 2017 legislative session concluded. Misty opposed the motion to continue, arguing that NRS 1.310 was unconstitutional because it violated the separation of powers doctrine under the Nevada Constitution and it infringed upon her fundamental right to parent.

The district court found:

NRS 1.310 [is] unconstitutional as written as it violates the separation of powers doctrine of the Nevada Constitution by allowing the legislature to commandeer the inherent power of the judiciary to govern its own procedures, removing all discretion from the Court. There are instances in which the postponement of an action would result in irreparable harm or defeat an existing right, and emergency relief is warranted. In those instances, the Court must be able to be allowed to exercise discretion.

 

The district court granted David's request to stay litigation pending the legislative session, but the court ordered a brief evidentiary hearing on the merits of Misty's opposition to David's motion to continue, which the court scheduled for a date during the legislative session. David filed this writ petition arguing that the statute is constitutional as applied and that the district court erred by requiring an evidentiary hearing in violation of NRS 1.310 because Misty failed to demonstrate "a prima facie showing of an emergency." This court stayed the evidentiary hearing and lifted the stay following the legislative session. Since the filing of the writ petition, the parties resolved their case.

## DISCUSSION

David urges this court to look to the policy of NRS 1.310 and interpret the statute as being mandatory except in certain situations, such as emergencies or where a substantial right may be impaired, as some other states have interpreted similar statutes. Misty contends that the plain language of the statute renders it facially unconstitutional. Amicus curiae Legislative Counsel Bureau (LCB) urges this court to give NRS 1.310 a "reasonable construction to the fullest extent necessary to save it from any constitutional problems." Thus, LCB argues that we should interpret NRS 1.310 to be mandatory unless the party opposing the continuance can satisfy the "heavy burden to prove that as a direct result of emergency or extraordinary circumstances, a substantial existing right will be defeated or abridged by the legislative continuance and the party will thereby suffer substantial and immediate irreparable harm."

Though the parties agree that the child custody dispute in the underlying proceeding has been resolved, both parties argue that we should decide the constitutionality of NRS 1.310 because this case falls into the

exception to mootness for cases that are capable of repetition yet evading review. We disagree.

"Mandamus is an extraordinary remedy, and the decision as to whether a petition will be entertained lies within the discretion of this court." *Poulos v. Eighth Judicial Dist. Court*, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982). This court's duty is "to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions." *NCAA v. Univ. of Nev.*, 97 Nev. 56, 57, 624 P.2d 10, 10 (1981). "Cases presenting real controversies at the time of their institution may become moot by the happening of subsequent events." *Id.* at 58, 624 P.2d at 11. Even where a case is moot, we may consider it if it involves "a matter of widespread importance capable of repetition, yet evading review." *Bisch v. Las Vegas Metro. Police Dep't*, 129 Nev. 328, 334, 302 P.3d 1108, 1113 (2013). To satisfy the exception to the mootness doctrine, David must show that "(1) the duration of the challenged action is relatively short, (2) there is a likelihood that a similar issue will arise in the future, and (3) the matter is important." *Id.* at 334-35, 302 P.3d at 1113.

The parties appear to agree that all three elements are met. We agree that the time period to challenge the denial of a continuance may be limited, and we also agree that this case involves an important matter. However, in this case, we are not prepared to determine that it is likely that a similar issue will arise in the future for two reasons. First, although David argues that several attorney-legislators will participate in the 2019 legislative session, this assertion is speculative at this juncture, as it is unknown how many attorneys will be elected and whether those attorneys will be involved in matters that would require court appearances. Second, David and LCB concede that interpreting NRS 1.310 as requiring a

SUPREME COURT
OF
NEVADA

(O) 1947A

mandatory continuance without exception would render the statute unconstitutional. Therefore, they argue that we should employ the canon of constitutional avoidance to give NRS 1.310 a constitutional interpretation by adding an exception to NRS 1.310 for emergencies or situations implicating a fundamental right where such an exception does not currently exist. However, "[u]nder the constitutional-avoidance canon, when statutory language is susceptible of multiple interpretations, a court may shun an interpretation that raises serious constitutional doubts and instead may adopt an alternative that avoids those problems. But a court relying on that canon still must *interpret* the statute, not rewrite it." *Jennings v. Rodriguez*, ___ U.S. ___, ___, 138 S. Ct. 830, 836 (2018). The interpretation LCB requests would require this court to rewrite NRS 1.310 to include exceptions allowing judicial discretion for emergencies or situations implicating a fundamental right. This approach reaches far beyond interpreting NRS 1.310, and though we agree that this case involves an important matter, we decline to engage in policy making to rewrite the statute. *See Holiday Ret. Corp. v. State, Div. of Indus. Relations*, 128 Nev. 150, 154, 274 P.3d 759, 761 (2012) ("It is the prerogative of the Legislature, not this court, to change or rewrite a statute.").[1]

---

[1]David and LCB rely on several out-of-state cases that they suggest we follow to interpret NRS 1.310 as being mandatory in most instances but allowing judicial discretion where the opposing party demonstrates that the continuance will infringe upon a fundamental right. However, we note that those cases involved legislative continuance statutes with different language or language allowing judicial discretion. *See, e.g., Nabholz Constr. Corp. v. Patterson*, 317 S.W.2d 9, 11 (Ark. 1958) ("The statute provides that when any attorney in a pending case is a member of the legislature all proceedings shall be stayed for not less than 15 days preceding the

In addition, the record before us is not sufficiently developed for this court to assess the existence or severity of any alleged emergency. Further, interpreting the statute in the requested manner when it is unclear whether this issue is likely to reoccur in the future would render any opinion advisory at best. *See Archon Corp. v. Eighth Judicial Dist. Court*, 133 Nev., Adv. Op. 101, 407 P.3d 702, 708-09 (2017) ("Advisory mandamus on a legal issue not properly raised and resolved in district court does not promote sound judicial economy and administration, because the issue comes to us with neither a complete record nor full development of the

---

convening of the General Assembly and for thirty (30) days after its adjournment, unless otherwise requested by any interested member of said General Assembly." (internal quotation marks omitted)); *Johnson v. Theodoron*, 155 N.E. 481, 483 (Ill. 1927) (analyzing a legislative continuance statute that stated, "it shall be a sufficient cause for a continuance if it shall appear to the court, by affidavit, that any party applying for such continuance, or any attorney, solicitor or counsel of such party, is a member of either house of the General Assembly, and in actual attendance on the sessions of the same, and that the attendance of such party, attorney, solicitor or counsel, in court, is necessary to a fair and proper trial of such suit" (internal quotation marks omitted)); *Kyger v. Koerper*, 207 S.W.2d 46, 48 (Mo. 1946) (Hyde, J., concurring) (addressing a legislative continuance statute that states that a continuance shall be granted if it appears to the court that the party or attorney is a member of the house or assembly and attendance of the party or attorney "is necessary to a fair and proper trial" (internal quotation marks omitted)); *Williams v. Bordon's, Inc.*, 262 S.E.2d 881, 883 (S.C. 1980) (discussing a legislative continuance statute that allows continuances unless the litigation involves an emergency and irreparable damage).

supposed novel and important legal issue to be resolved."). Accordingly, we conclude that writ relief is not warranted, and we deny the petition as moot.

_____, J.
Hardesty

We concur:

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Stiglich