## IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
LINDA MARIE BELL,
Respondents,
and
PHALA MUM,
Real Party in Interest.

No. 77221

FILED

OCT 29 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### *ORDER DENYING PETITION FOR A WRIT OF MANDAMUS*

This petition for a writ of mandamus seeks to invalidate the Eighth Judicial District Court's announced policy of filing a postconviction petition for a writ of habeas corpus challenging the validity of a judgment of conviction as a new civil action instead of filing the petition in the criminal case.

Respondents argue that this writ petition is moot because the district court denied real party in interest Phala Mum's habeas petition before the State filed its writ petition, and Mum did not appeal. Respondents assert that petitioner seeks an advisory opinion, without showing any urgency or strong necessity for this court's extraordinary intervention.

"The question of mootness is one of justiciability. This court's duty is not to render advisory opinions but, rather, to resolve actual controversies by an enforceable judgment." *Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010). "A moot case is one which seeks to

19-44414

determine an abstract question which does not rest upon existing facts or rights." *Nat'l Collegiate Athletic Ass'n v. Univ. of Nev., Reno*, 97 Nev. 56, 58, 624 P.2d 10, 11 (1981). However, even when an issue becomes moot we may still consider the issue if it constitutes "a matter of widespread importance capable of repetition" yet evading review. *State v. Second Judicial Dist. Court*, 132 Nev. 352, 354, 373 P.3d 63, 65 (2016). In determining whether a party has demonstrated that an issue is capable of repetition yet evading review, we consider whether "(1) the duration of the challenged action is relatively short, (2) there is a likelihood that a similar issue will arise in the future, and (3) the matter is important." *Id.* at 355, 393 P.3d at 65.

When considering the filing policy as it relates to Mum, the case was moot before petitioner filed its original writ petition in this court, and the petitioner has not met its burden of demonstrating that the issue is capable of repetition, but will otherwise evade review. While the issue of how a habeas petition is filed in the district court is of fundamental importance, the duration factor does not favor petitioner. The time to resolve a habeas petition is not so short that petitioner could not litigate an original petition challenging the filing policy before the habeas petition is resolved. *See Protectmarriage.com—Yes on 8 v. Bowen*, 752 F.3d 827, 836 (9th Cir. 2014) (recognizing that duration refers to the duration of a proceeding inherent at its inception because this exception is concerned with "classes of cases that, absent an exception, would always *evade* judicial review") (emphasis in original). Accordingly, we conclude the issue raised in the petition regarding Mum is moot. For these reasons, we

ORDER the petition DENIED.[1]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:   Hon. Linda Bell, Chief Judge
      Clark County District Attorney
      Phala Mum
      Attorney General/Las Vegas
      Eighth District Court Clerk

---

[1]We express no opinion as to whether petitioner has a beneficial interest, whether petitioner has named the proper respondents, or the merits of petitioner's challenge to the district court's interpretation of NRS 34.730(3).