IN THE SUPREME COURT OF THE STATE OF NEVADA

RONALD WILLIAM RANGEL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79711

FILED

DEC 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge. Appellant Ronald William Rangel argues that the district court erred in denying his petition as procedurally barred. We affirm.

Rangel filed the petition nine years after the remittitur issued on his direct appeal. *Rangel v. State*, Docket No. 53377 (Order of Affirmance, August 10, 2009). Thus, his petition was untimely filed. *See* NRS 34.726(1). Moreover, his petition was successive because he had previously filed a postconviction petition for a writ of habeas corpus in which he asserted nearly identical grounds for relief. *See* NRS 34.810(2); *Rangel v. State*, Docket No. 59969 (Order of Affirmance, November 14, 2012). Rangel's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b)(2), (3). Good cause may be demonstrated by a showing that the factual or legal basis for a claim was not reasonably available to be raised in a timely petition. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003).

20-45520

Rangel argues that the Supreme Court's recent decision in *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), provides good cause. He is mistaken, as *McCoy* is distinguishable. *McCoy* holds that an attorney may not concede a defendant's guilt over an express objection. 138 S. Ct. at 1509. *McCoy* differentiated a defendant who opposed counsel's concession from a defendant who "'was generally unresponsive' during discussions of trial strategy, and 'never verbally approved or protested'" the concession. *Id.* (quoting *Florida v. Nixon*, 543 U.S. 175, 181 (2004)). Here, trial counsel contended in opening statement and closing argument that the State overcharged the case in charging Rangel with burglary of an automobile, rather than a less severe offense such as malicious injury to a vehicle. Counsel thus arguably conceded that Rangel committed an uncharged lesser-related crime. During a mid-trial canvass, Rangel expressly consented to counsel's strategy. *McCoy* is distinguishable because Rangel never opposed the concession and expressly consented during the canvass. Moreover, Rangel has not shown that *McCoy* applies to a concession to an uncharged offense. *See United States v. Rosemond*, 958 F.3d 111, 123 (2d. Cir. 2020) (concluding that *McCoy* did not apply to counsel's concession of an uncharged crime where counsel argued vehemently that the defendant did not commit the crime charged). Because *McCoy* is distinguishable, we need not resolve Rangel's argument that *McCoy* applies retroactively. Accordingly, Rangel has not shown that *McCoy* provides good cause, and the district court correctly applied the mandatory procedural bars.[1] *See*

---

[1]We reject Rangel's challenge to the district court's findings of fact and conclusions of law. *Cf. King v. St. Clair*, 134 Nev. 137, 142, 414 P.3d 314, 318 (2018) (noting that it is customary in Clark County for the prevailing party to draft the dispositive order).

*State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005).

Having considered Rangel's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver


cc:    Hon. Kathleen E. Delaney, District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk