# IN THE SUPREME COURT OF THE STATE OF NEVADA

PRO PETROLEUM, LLC; RIP GRIFFIN
TRUCK SERVICE CENTER, INC.; AND
DAVID YAZZIE, JR.,
          Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
SUSAN JOHNSON, DISTRICT JUDGE,
          Respondents,
and
DAKOTA JAMES LARSEN,
          Real Party in Interest.

No. 83536

FILED

FEB 11 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING PETITION

This original writ petition challenges a district court order compelling a physical examination of real party in interest under NRCP 35 and NRS 52.380. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

Petitioners assert in their petition that, to the extent the district court allowed recording of the examination and an observer under NRS 52.380, the order should be stricken, as NRS 52.380 unconstitutionally conflicts with NRCP 35. Real party in interest moves to dismiss the petition as moot. In particular, real party in interest notes that: (1) the examination with the conditions to which petitioners objected has occurred, such that no effective relief remains that this court can grant; and (2) the conflict asserted between NRS 52.380 and NRCP 35 has been resolved by *Lyft, Inc., v. Eighth Judicial Dist. Court,* 137 Nev. Adv. Op. 86, 501 P.3d 994 (2021).

22-04628

"[T]he duty of every judicial tribunal is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles of law which cannot affect the matter in issue before it." *Univ. and Cmty. Coll. Sys. of Nev. v. Nevadans for Sound Gov't,* 120 Nev. 712, 720, 100 P.3d 179, 186 (2004) (*quoting NCAA v. Univ. of Nev.,* 97 Nev. 56, 57, 624 P.2d 10, 10 (1981). As a result, this court has long recognized that cases which present live controversies at their inception may be rendered moot by subsequent events. *Id.*

Having reviewed the papers presented in the petition and the motion to dismiss, we conclude the matter is moot and not the proper subject for a writ of mandamus. *See Walker v. Second Judicial Dist. Court,* 136 Nev. Adv. Op. 80, 476 P.3d 1194, 1198-99 (2020). Accordingly, the motion to dismiss is granted and this court

ORDERS this petition DISMISSED.

_____, J.
Silver

_____, J.
Cadish

_____, J.
Pickering

cc:     Hon. Susan Johnson, District Judge
        Grant & Associates
        Claggett & Sykes Law Firm
        Eighth District Court Clerk