# IN THE SUPREME COURT OF THE STATE OF NEVADA

INDEPENDENT ALCOHOL
DISTRIBUTORS OF NEVADA, INC.;
AND PALIDIN, LLC,
Appellants,
vs.
THE STATE OF NEVADA
DEPARTMENT OF TAXATION; AND
NEVADA TAX COMMISSION,
Respondents.

No. 73883



FILED

NOV 28 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from district court orders denying a preliminary injunction in a dispute concerning the licensing of recreational marijuana distributors. First Judicial District Court, Carson City; James Todd Russell, Judge.

In 2017, the Initiative to Regulate and Tax Marijuana became effective in Nevada; these recreational marijuana initiative provisions are now codified in NRS Chapter 453D. Pursuant to NRS 453D.210(3), for the first 18 months that respondent the State of Nevada Department of Taxation issued recreational marijuana distribution licenses, it could only issue those licenses "to persons holding a wholesale [alcohol] dealer license pursuant to chapter 369 of NRS." If, however, the Department determined that limiting recreational marijuana distribution licenses to alcohol distributors provided "an insufficient number of marijuana distributors," then the Department could award distribution licenses to applicants other

than alcohol distributors. NRS 453D.210(3). The Department and respondent Nevada Tax Commission (collectively, the Department), along with appellants Palidin, LLC and the Independent Alcohol Distributors of Nevada, Inc. (collectively, Palidin), agree that this 18-month limitation expired on November 15, 2018. As that date has passed, NRS 453D.210(3) no longer limits recreational marijuana distribution licenses to alcohol distributors.

At the time recreational marijuana sales began, while the 18-month limitation was still in place, no alcohol distributors had been licensed as marijuana distributors.[1] Based on the lack of distributors, approximately one week after sales began, the Department issued a statement of emergency and an emergency regulation governing how the Department would make an insufficiency determination under NRS 453D.210(3), which the governor approved, and was later adopted by the Tax Commission. See NRS 233B.0613(1) (providing the procedure for an administrative agency to adopt an emergency regulation).

Palidin then filed the underlying lawsuit against the Department, which included an application for a temporary restraining order and preliminary injunction, seeking to prevent the Department from enforcing the emergency regulation. The district court denied the application, concluding that the regulation was validly adopted pursuant to NRS 233B.0613. After this denial, the Department held an administrative hearing to determine whether there was an insufficient number of alcohol distributors under NRS 453D.210(3) and the emergency regulation. After concluding that there was an insufficient number, the Department

---

[1] Retailers were able to stock up on inventory prior to the date recreational marijuana sales began.

immediately began issuing distribution licenses to non-alcohol distributors. Palidin then filed a new application for a preliminary injunction requesting that the Department be enjoined from issuing licenses to non-alcohol distributors, arguing that the manner in which the Department made the insufficiency determination violated Palidin's due process rights. The district court again denied the application and this appeal followed, challenging both orders denying preliminary injunctive relief. Palidin then applied to this court for an injunction. After briefing and argument on Paladin's application, we entered an order enjoining the Department from "issuing marijuana distribution licenses to applicants other than those currently licensed to distribute alcohol" pending final resolution of this appeal, but noted that the injunction did not affect those entities that had received distribution licenses before the injunction was entered.[2] *Indep. Alcohol Distribs. of Nev., Inc. v. State, Dep't of Taxation*, Docket No. 73883 (Order Granting Injunction, Oct. 20, 2017).

The Department asserts that Palidin's appeal is now moot. A case is considered moot when there is no longer a present controversy and the court is "unable to grant effective relief with respect to the district court injunction at issue." *Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010). In this case, both of Palidin's requests for preliminary injunctive relief focused on the insufficiency determination required to avoid the 18-month limitation of only issuing recreational marijuana distribution licenses to alcohol distributors. The first request sought to enjoin the Department from making an insufficiency determination and the second request sought to enjoin the Department from acting on its

---

[2]The Department licensed 21 non-alcohol wholesalers as recreational marijuana distributors before this court entered its injunction.

insufficiency determination by issuing recreational marijuana distribution licenses to non-alcohol distributors. This court cannot grant effective relief as to those requests because, even if the injunctions were granted, the Department can now issue marijuana distribution licenses to non-alcohol distributors as the 18-month limitation has expired. Because we cannot grant effective relief with respect to Palidin's requests for injunctive relief, *see id.*, we agree with the Department that the appeal is moot.

Palidin asserts that even if the appeal is moot, this court should still consider it, arguing that it falls within the capable-of-repetition-yet-evading-review exception to the mootness doctrine. *Id.* at 602, 245 P.3d at 574 ("Even when an appeal is moot . . . we may consider it if it involves a matter of widespread importance that is capable of repetition, yet evading review."). We disagree. As the party pressing the mootness exception, Palidin bears the burden of establishing the exception's elements, and it has failed to demonstrate that "there is a likelihood that a similar issue will arise in the future." *Bisch v. Las Vegas Metro. Police Dep't*, 129 Nev. 328, 334-35, 302 P.3d 1108, 1113 (2013) (providing the elements for the exception to the mootness doctrine and placing the burden on the party seeking to invoke the exception). While Palidin is correct that other administrative agencies will enact emergency regulations in the future, the issues raised in those potential future cases would not be similar to the issues presented in this appeal, which focus solely on the issuance of marijuana distribution licenses to non-alcohol distributors. And, furthermore, a similar issue will not arise under NRS 453D.210(3) because the portion of that statute being challenged by Palidin is no longer effective. Because the appeal is moot, and no exception to the mootness doctrine applies, we

ORDER this appeal DISMISSED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:     Hon. James Todd Russell, District Judge
        Snell & Wilmer, LLP/Las Vegas
        Winter Street Law Group
        Attorney General/Carson City
        Attorney General/Las Vegas
        Dickinson Wright PLLC
        Carson City Clerk