IN THE SUPREME COURT OF THE STATE OF NEVADA

VALLANEICE RACHELLE OLIVE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 82297

FILED

DEC 0 1 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of neglect or endangerment of a child. First Judicial District Court, Carson City; James Todd Russell, Judge.

The State charged appellant Vallaniece Olive with possession of methamphetamine and neglect or endangerment of a child under NRS 200.508. Olive agreed to plead guilty to the gross misdemeanor neglect or endangerment of a child charge pursuant to NRS 200.508(2)(b)(1), and the State agreed to dismiss the possession charge. At the sentencing hearing, the district court ordered Olive to undergo a psychosexual evaluation pursuant to NRS 176A.110(3)(d), even though Olive's crime did not have a sexual component. After receiving a favorable examination result, the district court sentenced Olive to a 364-day suspended jail term with a probationary period not to exceed 12 months. Olive filed a notice of appeal from the judgment of conviction in this court on January 8, 2021, arguing that the court erred in requiring her to undergo a psychosexual evaluation in order to receive probation. The district court honorably discharged Olive from probation on September 30.

Because the district court discharged Olive from her sentence, this appeal is moot. *See Newman v. State*, 132 Nev. 340, 341 n.1, 373 P.3d

21-34300

855, 856 n.1 (2016) (explaining that an appeal is moot once the court has discharged the defendant from his or her sentence). Olive nevertheless asserts that this court should consider the appeal under the capable-of-repetition-yet-evading-review exception to the mootness doctrine because of the short sentences generally applied under these circumstances. She asserts that the question presented is likely to arise in the future "because persons are still being convicted of gross misdemeanor child abuse or neglect." She states that the issue is important because "[p]sychosexual evaluations are expensive," and "[t]here is also a negative connotation associated with having to obtain" one. We disagree that this case meets the mootness exception criteria.

While we generally refuse to hear a moot case, we "may consider [a moot case] if it involves a matter of widespread importance that is capable of repetition, yet evading review." *Valdez-Jimenez v. Eighth Judicial Dist. Court*, 136 Nev. 155, 158, 460 P.3d 976, 982 (2020) (quoting *Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010)). "The party seeking to overcome mootness must prove 'that (1) the duration of the challenged action is relatively short, (2) there is a likelihood that a similar issue will arise in the future, and (3) the matter is important.'" *Id.* (quoting *Bisch v. Las Vegas Metro. Police Dep't*, 129 Nev. 328, 334-35, 302 P.3d 1108, 1113 (2013)).

As to the application of NRS 176A.110(3)(d) to abuse or neglect cases not involving a sexual component being a persistent issue, Olive failed to provide any evidence or documentation showing that this issue is likely

to arise again.[1] *Cf. Valdez-Jimenez*, 136 Nev. at 160, 460 P.3d at 983 (concluding the petitioners met their burden to show the bail issue was capable of repetition by providing "documents from other criminal cases in which defendants have raised similar arguments before the justice court or district court about the process of setting bail"); *see also Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (explaining that this court will not consider claims unsupported by cogent argument and relevant authority). Moreover, even if this is a persistent issue, it will not necessarily evade review, as child abuse or neglect can be a felony offense with a minimum sentence of two years, NRS 200.508(1)-(2), which would provide adequate time for appellate review of NRS 176A.110(3)(d)'s application to nonsexual child abuse or neglect cases.

Even assuming that this issue is one of short duration and that there is a likelihood that similar issues will arise in the future, Olive failed to show that this matter meets the "importance" prong of the exception to the mootness doctrine. She does not challenge the statute's constitutionality and instead asserts, without citation to authority or any substantiating evidence in the record, that psychosexual evaluations are expensive and carry a negative connotation, which is insufficient to warrant review of an otherwise moot appeal. *Cf. Valdez-Jimenez*, 136 Nev. at 160-61, 460 P.3d at 983 (determining that application of Nevada's bail statutes

---

[1] While Olive provides a citation to a single district court case where she alleges a defendant made a similar argument regarding NRS 176A.110(3)(d)'s application to nonsexual child abuse or neglect cases, she did not provide any documents or evidence showing that the defendant in that case did in fact make such an argument. Accordingly, the sole citation provided is insufficient to show that this issue is likely to arise again. *Cf. Nev. Ass'n Servs., Inc. v. Peccole Ranch Cmty. Ass'n*, 130 Nev. 949, 957, 338 P.3d 1250, 1255 (2014) (noting that counsel's arguments "are not evidence").

was of widespread importance because the statutes "affect many arrestees" and the case "involve[s] the constitutionality of Nevada's bail system").

Accordingly, as the matter is moot, we

ORDER this appeal DISMISSED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:    Hon. James Todd Russell, District Judge
State Public Defender/Carson City
Attorney General/Carson City
Carson City District Attorney
Carson City Clerk